Beckett v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-450-CR

GARRY LEN BECKETT APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 30
TH
 DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Garry Len Beckett appeals his convictions for aggravated sexual assault, aggravated robbery, and aggravated kidnapping.  We will affirm.

The parties in this case are familiar with the relevant facts and the applicable law is well-settled.

In his first point, appellant contends that he was denied a fundamentally fair trial because the trial court improperly restricted his trial counsel’s voir dire of the jury panel’s opinions and attitudes on the issue of the victim’s consent to the sexual assault.  
See
 
Tex. Penal Code Ann.
 § 22.011(b)(9) (Vernon Supp. 2004) (sexual assault is without victim’s consent if victim is patient or former patient of actor, and actor is mental health services provider or health care services provider who causes the person to submit or participate by exploiting the person’s emotional dependency on the actor)
. 

The trial court has broad discretion over the process of selecting a jury.  
Barajas v. State
, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002); 
Allridge v. State
, 762 S.W.2d 146, 167 (Tex. Crim. App. 1988), 
cert. denied
, 489 U.S. 1040 (1989).  The propriety of a particular question is a matter for the trial court’s discretion and will not be disturbed absent an abuse of discretion.  
Barajas
, 93 S.W.3d at 38; 
Allridge
, 762 S.W.2d at 167.  A trial court’s discretion is abused only when a proper question about a proper area of inquiry is prohibited.  
Barajas
, 93 S.W.3d at 38; 
Allridge
, 762 S.W.2d at 163
.  A question is proper if it seeks to discover a juror’s views on an issue applicable to the case.  
Barajas
, 93 S.W.3d at 38; 
Smith v. State
, 703 S.W.2d 641, 643 (Tex. Crim. App. 1985).  However, a voir dire question that is so vague or broad in nature as to constitute a global fishing expedition is not proper and may be prevented by the trial judge.  
Barajas
, 93 S.W.3d at 39; 
Smith
, 703 S.W.2d at 645.

Section 22.011(b)(9) applies to cases where a mental health services provider or a health care services provider sexually assaults a patient or former patient.  In this case, the former patient was the perpetrator of the assault, not the victim.  Therefore, section 22.011(b)(9) is inapplicable.  Consequently, it was not an abuse of discretion for the trial court to refuse to allow appellant to question the jury panel about consent under section 22.011(b)(9).  
We overrule appellant’s first point.

In his second point, appellant contends that he was denied a fundamentally fair trial when the trial court refused to allow him to introduce evidence of his prior relationship with the victim.  The record shows that the trial court admitted evidence detailing the prior relationship between appellant and the victim.  The only evidence about this relationship 
excluded by the trial court was evidence relating to an Adult Protective Services investigation.  The investigator found that the victim had sexually exploited appellant because their intimate relationship began while he was a patient at the hospital; this finding was overturned on appeal.  The State objected to the testimony on the grounds of relevance.  

We apply an abuse of discretion standard in evaluating a trial court’s ruling on the admissibility of evidence.  
Miller v. State
, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001); 
Weatherred
 
v. State
, 15 S.W.3d 540, 542 (Tex. Crim. App. 2000).  Appellate courts must afford a trial court great discretion in its evidentiary decisions.  
Montgomery v. State
, 810 S.W.2d 372, 378-79 (Tex. Crim. App. 1990).  The trial court’s ruling will be upheld if it was within the zone of reasonable disagreement.  
Weatherred
, 15 S.W.3d at 542.  In addition, we must review the trial court’s ruling in light of what was before the court at the time the ruling was made.  
Id
.; 
Hoyos v. State
, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998).  If the trial court’s decision is correct on any applicable legal theory, it will be sustained.  
Romero v. State
, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).

Evidence must satisfy two requirements to be considered relevant: materiality and probativeness.  
Miller
, 36 S.W.3d at 507.  For evidence to be material, it must be addressed to the proof of any fact that is of consequence to the determination of the action.  To be probative, the evidence must tend to make the existence of the fact more or less probable than it would be without the evidence.  
Tex. R. Evid.
 401; 
Miller
, 36 S.W.3d at 507.

Because the investigator’s finding of sexual exploitation was determined to be without merit, the trial court did not abuse its discretion by excluding the evidence relating to it on the ground that it was irrelevant.  We overrule appellant’s second point. 

Having overruled both of appellant’s points, we affirm the trial court’s judgments.

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: April 1, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.