COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-450-CR
  
  
GARRY 
LEN BECKETT                                                            APPELLANT
 
  
V.
 
  
THE 
STATE OF TEXAS                                                                  STATE
 
  
------------
 
FROM 
THE 30TH DISTRICT COURT OF WICHITA COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Garry 
Len Beckett appeals his convictions for aggravated sexual assault, aggravated 
robbery, and aggravated kidnapping.  We will affirm.
        The 
parties in this case are familiar with the relevant facts and the applicable law 
is well-settled.
        In 
his first point, appellant contends that he was denied a fundamentally fair 
trial because the trial court improperly restricted his trial counsel’s voir 
dire of the jury panel’s opinions and attitudes on the issue of the victim’s 
consent to the sexual assault.  See Tex. Penal Code Ann. § 
22.011(b)(9) (Vernon Supp. 2004) (sexual assault is without victim’s consent 
if victim is patient or former patient of actor, and actor is mental health 
services provider or health care services provider who causes the person to 
submit or participate by exploiting the person’s emotional dependency on the 
actor).
        The 
trial court has broad discretion over the process of selecting a jury. Barajas 
v. State, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002); Allridge v. State, 
762 S.W.2d 146, 167 (Tex. Crim. App. 1988), cert. denied, 489 U.S. 1040 
(1989). The propriety of a particular question is a matter for the trial 
court’s discretion and will not be disturbed absent an abuse of discretion. Barajas, 
93 S.W.3d at 38; Allridge, 762 S.W.2d at 167. A trial court’s 
discretion is abused only when a proper question about a proper area of inquiry 
is prohibited. Barajas, 93 S.W.3d at 38; Allridge, 762 S.W.2d at 
163. A question is proper if it seeks to discover a juror’s views on an issue 
applicable to the case. Barajas, 93 S.W.3d at 38; Smith v. State, 
703 S.W.2d 641, 643 (Tex. Crim. App. 1985).  However, a voir dire question 
that is so vague or broad in nature as to constitute a global fishing expedition 
is not proper and may be prevented by the trial judge. Barajas, 93 S.W.3d 
at 39; Smith, 703 S.W.2d at 645.
        Section 
22.011(b)(9) applies to cases where a mental health services provider or a 
health care services provider sexually assaults a patient or former patient. In 
this case, the former patient was the perpetrator of the assault, not the 
victim.  Therefore, section 22.011(b)(9) is inapplicable.  
Consequently, it was not an abuse of discretion for the trial court to refuse to 
allow appellant to question the jury panel about consent under section 
22.011(b)(9).  We overrule appellant’s first point.
        In 
his second point, appellant contends that he was denied a fundamentally fair 
trial when the trial court refused to allow him to introduce evidence of his 
prior relationship with the victim.  The record shows that the trial court 
admitted evidence detailing the prior relationship between appellant and the 
victim.  The only evidence about this relationship excluded by the trial 
court was evidence relating to an Adult Protective Services investigation.  
The investigator found that the victim had sexually exploited appellant because 
their intimate relationship began while he was a patient at the hospital; this 
finding was overturned on appeal.  The State objected to the testimony on 
the grounds of relevance.
        We 
apply an abuse of discretion standard in evaluating a trial court’s ruling on 
the admissibility of evidence. Miller v. State, 36 S.W.3d 503, 507 (Tex. 
Crim. App. 2001); Weatherred v. State, 15 S.W.3d 540, 542 (Tex. 
Crim. App. 2000).  Appellate courts must afford a trial court great 
discretion in its evidentiary decisions. Montgomery v. State, 810 S.W.2d 
372, 378-79 (Tex. Crim. App. 1990). The trial court’s ruling will be upheld if 
it was within the zone of reasonable disagreement. Weatherred, 15 S.W.3d 
at 542.  In addition, we must review the trial court’s ruling in light of 
what was before the court at the time the ruling was made. Id.; Hoyos 
v. State, 982 S.W.2d 419, 422 (Tex. Crim. App. 1998).  If the trial 
court’s decision is correct on any applicable legal theory, it will be 
sustained. Romero v. State, 800 S.W.2d 539, 543 (Tex. Crim. App. 1990).
        Evidence 
must satisfy two requirements to be considered relevant: materiality and 
probativeness. Miller, 36 S.W.3d at 507.  For evidence to be 
material, it must be addressed to the proof of any fact that is of consequence 
to the determination of the action.  To be probative, the evidence must 
tend to make the existence of the fact more or less probable than it would be 
without the evidence.  Tex. R. Evid. 401; Miller, 
36 S.W.3d at 507.
        Because 
the investigator’s finding of sexual exploitation was determined to be without 
merit, the trial court did not abuse its discretion by excluding the evidence 
relating to it on the ground that it was irrelevant.  We overrule 
appellant’s second point.
        Having 
overruled both of appellant’s points, we affirm the trial court’s judgments.
 
  
                                                                  JOHN 
CAYCE
                                                                  CHIEF 
JUSTICE
 
  
PANEL 
A:   CAYCE, C.J.; LIVINGSTON and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
April 1, 2004
 


NOTES
1.  
See Tex. R. App. P. 47.4.