Deleslyn Lightsey MILLER, Appellant,

v.

The STATE of Texas.

No. 1939–99.

Court of Criminal Appeals of Texas, En Banc.

Jan. 17, 2001.

Ken Mahaffey, Austin, for Appellant.

Philip A. Nelson, Jr., Asst. Dist. Atty., Matthew Paul, State's Atty., Austin, for the State.

## OPINION

HOLLAND, J., delivered the opinion of the Court in which KELLER, P.J., and MEYERS, PRICE, JOHNSON, KEASLER, HERVEY, and HOLCOMB, J.J., joined.

Appellant was indicted for delivery of less than one gram of cocaine, which is a state jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112. The indictment also alleged that appellant had twice before been convicted of felony offenses. *See* TEX. PENAL CODE ANN. § 12.42(a)(2). After a jury convicted appellant of the offense of delivery of a controlled substance, she pleaded true to both enhancement paragraphs. Appellant elected to have the trial court assess her punishment, and it sentenced appellant to confinement for six years. Appellant filed a notice of appeal.

On direct appeal, the Austin Court of Appeals affirmed the judgment of the trial court. *See Miller v. State,* No. 03–99–00040 CR, 1999 WL 699799 (Tex.App.—Austin September 9, 1999) (not designated for publication). On appeal, appellant argued that the trial court erred when it excluded the evidence that she committed the offense under duress, which she offered in support of her defense, as irrelevant. The Austin Court explained that it could not conclude the trial court abused its discretion, and it overruled appellant's point of error. *See id.* This Court granted the second ground for review of appellant's petition for discretionary review to determine if the trial court erred when it found appellant's testimony in support of

her defense of duress irrelevant.[1] We reverse the decision of the Austin Court of Appeals.

## I.

Appellant claimed another person coerced her into committing the instant offense. At trial, she testified that a man, James Magee, threatened her with harm if she did not deliver cocaine to the undercover officer in this case.[2] She also testified that she was afraid of Magee and that she felt her "life was in danger." Appellant sought to admit evidence that Magee physically assaulted her shortly after the commission of this offense, but the State objected that the evidence of the assault was not relevant because it happened "after the crime was committed."

Appellant responded that "these [sic] next sequence of events clearly establish why her state of mind was what it was when she engaged in the transaction with the police officer." The trial court stated that he believed appellant had already established her defense of duress by her testimony that Magee threatened her before the commission of the offense. Appellant explained to the trial court that

the outcome of the threat, the carrying out of the threat and that it happened— and she's about to testify to that—is all part of the same duress and coercion.

The trial court then allowed appellant, outside the presence of the jury, to proffer her testimony of the assault.

Appellant testified that she attempted to hide from Magee after she delivered the cocaine to the undercover officers. When Magee found appellant some hours after the delivery of the rock cocaine, he told her that she "had messed things up." Magee was angry, and he pushed her around, telling her "to give up the $10." Appellant stated that she told Magee she did not have the $10[3] and that she "didn't want nothing to do with it." At this point, Magee struck her with his hands many times on her face and neck, and then he cut her several times with a broken beer bottle. Appellant testified that she bled from her nose, mouth and arms after this assault.

Because Magee's assault on appellant occurred several hours after the delivery

1. Though this Court also granted review on appellant's first ground for review, we now conclude that our decision to grant review of the first ground was improvident. The first ground for review is hereby dismissed. *See* TEX.R.APP. PROC. 69.3

2. James Magee set up appellant's meeting with the undercover officer. Appellant believed the arrangement was for her to have sex. The officer told appellant he didn't want sex, but that he did want $20 worth of crack cocaine. Appellant left the officer and returned to her hotel room where Magee was present. She told Magee that "he did not want me, that he wanted some drugs." Magee threatened appellant, telling her that she was to give the officer some rock and get the $20. Magee gave appellant a rock and escorted her back to the undercover officer's car. Appellant felt she could not walk away from committing this offense. She delivered the cocaine to the officer, but did not get the $20 because the undercover officers made the bust as soon as she gave them the rock cocaine. The investigating officers confirmed appellant's identity, seized the rock cocaine, and released appellant without arresting her that night. Appellant testified she was afraid

of what Magee would do to her when he found out she did not collect the money for the cocaine. Appellant fled from the scene of the delivery to avoid Magee. But he pursued appellant and found her only a few hours after the delivery of the cocaine. Magee physically assaulted appellant as soon as he found her.

3. There was a discrepancy in appellant's testimony between the $20 she was told to collect for the cocaine, and Magee's demand for $10 when he was assaulted her. The trial court cleared this up during appellant's testimony outside the presence of the jury.

THE COURT: And the $10 was his portion of the 20 or what?
[APPELLANT]: No.
THE COURT: The $10 was supposed to be over and above the 20?
[APPELLANT]: The agreement he made with the gentleman for introducing me for sex.
THE COURT: Right. He was going to get $10 out of it.
[APPELLANT]: Yes.

of the rock cocaine, the trial court stated that it did not "see how it [was] relevant to this lawsuit." Appellant responded that the evidence went "directly to her state of mind. ... that she felt threatened by this man." Even though the assault was not contemporaneous with the delivery of the rock cocaine, appellant argued that evidence of the assault so soon after the delivery demonstrated her state of mind at the time she delivered the rock cocaine-that she was scared of Magee and that she had a reasonable belief that Magee would carry out the threats he made. The trial court, however, sustained the State's objection and barred the admission of the evidence of Magee's assault on appellant.

The Court of Appeals concluded the trial court did not abuse its discretion. The Austin Court stated that the authority relied upon by appellant was distinguishable from the instant case. *See Miller v. State,* No. 03–99–00040–CR, slip op. at 6, 1999 WL 699799 (Tex.App.—Austin Sept.10, 1999) (not designated for publication).

## II.

■■■ The U.S. Constitution ensures that criminal defendants will have "a meaningful opportunity to present a complete defense." *Gilmore v. Taylor,* 508 U.S. 333, 343, 113 S.Ct. 2112, 124 L.Ed.2d 306 (1993); *Crane v. Kentucky,* 476 U.S. 683, 106 S.Ct. 2142, 90 L.Ed.2d 636 (1986); *California v. Trombetta,* 467 U.S. 479, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984). The Supreme Court described the different ways a defendant can avail himself of this opportunity in *Washington v. Texas,* 388 U.S. 14, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967):

> The right to offer the testimony of witnesses, and to compel their attendance if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it

may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

*Id.,* at 19, 87 S.Ct. 1920. This principle has been invoked in cases where trial courts have intimidated defense witnesses into silence, *see e.g., Webb v. Texas,* 409 U.S. 95, 93 S.Ct. 351, 34 L.Ed.2d 330 (1972), and where trial courts have excluded evidence. *See Crane v. Kentucky,* 476 U.S. at 693, 106 S.Ct. 2142; *Chambers v. Mississippi,* 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297 (1973).

In *Chambers,* the trial court applied the hearsay rule to bar the admission of evidence by the defendant in support of his defense that another man, McDonald, admitted that he committed the crimes. 410 U.S. at 287, 93 S.Ct. 1038. The Court reversed the decision of the trial court, explaining that "the right of an accused to due process is, in essence, the right to a fair opportunity to defend against state accusations. [The right] to call witnesses in one's own behalf [has] long been recognized as essential to due process." *Id.* at 294, 93 S.Ct. 1038. Furthermore, Justice Black has described the right to present evidence in one's own defense as a critical component of our criminal justice system:

> A person's right to reasonable notice of a charge against him, and an opportunity to be heard in his own defense—a right to his day in court—are basic in our system of jurisprudence, and these rights include, as a minimum, a right to examine the witnesses against him, to offer testimony, and to be represented by counsel.

*In re Oliver,* 333 U.S. 257, 273, 68 S.Ct. 499, 92 L.Ed. 682 (1948).[4]

*Coleman v. State,* 966 S.W.2d 525, 527–28 (Tex.Crim.App.1998) (recognizing the defendant's right to compulsory process in order to

---

**4.** This Court has stated that a defendant has a Sixth Amendment right to present a defense and to present his version of the facts. *See*

■ The dispute in the instant case arises from appellant's testimony in support of her defense of duress and her attempt to testify about Magee's assault on her after the delivery. A defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule. *See Chambers v. Mississippi,* 410 U.S. at 302, 93 S.Ct. 1038; *New Mexico v. Duncan,* 113 N.M. 637, 830 P.2d 554, 558 (Ct.App.1990); *Commonwealth of Pennsylvania v. Greene,* 469 Pa. 399, 366 A.2d 234, 237 (1976). We will review the trial court's decision to bar the admission of evidence of Magee's assault on appellant under an abuse of discretion standard. *See Weatherred v. State,* 15 S.W.3d 540, 542 (Tex.Crim.App.2000); *Head v. State,* 4 S.W.3d 258, 262 (Tex.Crim.App.1999); *Montgomery v. State,* 810 S.W.2d 372, 390–91 (Tex.Crim.App.1990).

■ Evidence must satisfy two requirements to be considered relevant: first, materiality, and second, probativeness. For evidence to be material it "must be shown to be addressed to the proof of a material proposition, i.e., 'any fact that is of consequence to the determination of the action.' 'If the evidence is offered to help prove a proposition which is not a matter in issue, the evidence is immaterial.'" 1 STEVEN GOODE ET AL., TEXAS PRACTICE: GUIDE TO THE TEXAS RULES OF EVIDENCE: CIVIL AND CRIMINAL § 401.1 (2d ed. 1993 & Supp. 1995). If the proponent establishes that the proffered evidence is material, Rule 401 also requires that the proponent establish the evidence is probative, i.e., the proffered evidence must tend to make the existence of the fact "more or less probable than it would be without the evidence."

*Id.* The proffered evidence is relevant if it has been shown to be material to a fact in issue and if it makes that fact more probable than it would be without the evidence.

■ In the instant case, the trial court concluded that appellant raised the affirmative defense of duress, and it instructed the jury on that affirmative defense.[5] Under the instructions in the instant cause, therefore, resolution of whether appellant acted under duress would affect whether appellant was convicted or acquitted. The dispute arises over the issue of the probativeness of Magee's assault on appellant-would it have "any tendency" to make it more probable that appellant reasonably believed she was compelled to deliver the cocaine by the threat of serious bodily injury or death, or at least more probable than it would have been without the evidence of the assault, even though the assault occurred after the delivery? *See id.,* at § 401.3. There is no purely legal test to determine whether evidence will tend to prove or disprove a proposition-it is a test of logic and common sense. *See id.* In the instant cause, is it logical to conclude from the fact that Magee assaulted appellant with his hands and with a broken beer bottle just a few hours after the delivery of the cocaine, that appellant delivered the cocaine only because she feared Magee would seriously injure or kill her?

While this Court has never confronted the scenario of determining the relevancy of an act subsequent to an offense and the affirmative defense of duress to that offense, the Fifth Circuit has dealt with that scenario. We will look to their opinion on this matter as persuasive authority to this Court. In *United States v. McClure,* 546

---

obtain the attendance and testimony of witnesses favorable to his defense) (op. on rehearing); *Norman v. State,* 588 S.W.2d 340, 343 (Tex.Crim.App.1979) (concluding that the trial court committed constitutional error by not granting the defendant's request for immunity for a state informant in order to compel the informant's testimony in support of his defense.).

5. The trial court's instruction to the jury stated they should acquit the appellant if they found,

> by a preponderance of the evidence that [appellant] engaged in the proscribed conduct because she was compelled to do so by threat of imminent death or serious bodily injury to herself.

TEX. PENAL CODE ANN. § 8.05(a).

F.2d 670 (5th Cir.1977), the defendant was convicted of selling heroin to an undercover D.E.A. agent. An individual named Carroll worked for the D.E.A. agent as a confidential drug informant. The defendant in *McClure* argued that he sold the heroin to the D.E.A. agent because he was afraid of Carroll and of what Carroll would do to him if he did not go through with the sale. The defendant sought to admit evidence "from three individuals ... that Carroll had coerced them into selling heroin and had carried a gun in the time frame just after the sales by" the defendant. *Id.* at 672. The trial court excluded the proffered testimony over the defendant's objection that the evidence was relevant to prove his "lack of intent and to impeach Carroll." *Id.* "The basis for the exclusion was that the events referred to in the proffer occurred subsequent to the sales made by appellant." *Id.*

The Fifth Circuit concluded that the trial court's decision was reversible error. The defendant's "right to present a vigorous defense required the admission [6] of the proffered testimony." *Id.,* at 673. The Fifth Circuit did not find Carroll's coercive threats to be irrelevant merely because they took place after defendant committed the offense for which he was on trial. "The fact that [the defendant's proffered evidence] referred exclusively to threats made by Carroll after the sales by [defendant] affects its weight but not its admissibility." *Id.; see also United States v. Herrera,* 600 F.2d 502, 505 (5th Cir.1979) (citing *McClure* for the proposition that "evidence of a 'systematic campaign of threats and intimidation' may be admissible under FED.R.EVID. 404(b) to support a defendant's defense of duress, even where the coercion continues after the conduct for which the defendant is on trial."). The Fifth Circuit did not give an opinion on whether it believed the defendant's defense was credible. The Fifth Circuit decided, instead, that "a jury could not properly convict him absent the opportunity to hear the proffered testimony bearing upon the theory of defense and weigh its credibility along with the other evidence in the case." *McClure,* 546 F.2d at 673.

In the instant case, appellant testified that Magee threatened her, forcing her to make the delivery to the undercover officer. There was little, if any, attenuation between the delivery of the cocaine and the assault. Appellant proffered the testimony that Magee pursued her after she made the delivery. When Magee caught up to her a few hours after the delivery and discovered the deal had not gone down the way he wanted and that he would not receive the money from the delivery which he expected, he then carried out the threat he made before the delivery and assaulted appellant. A rational jury could find that this evidence helps to prove that appellant was under a constant state of duress from Magee when she delivered the cocaine, that this duress caused her to fear for her safety, and that her fear was reasonable. Appellant's testimony that Magee assaulted her tended to make the existence of a consequential fact more probable, *i.e.,* that appellant delivered the cocaine under duress than it was without the admission of the testimony. *See* TEX.R.EVID. 401; *McClure,* 546 F.2d at 672. *Cf. Tate v. State,* 981 S.W.2d 189, 193 (Tex.Crim.App. 1998) (concluding that a jury could not "properly convict or acquit absent the opportunity to hear proffered testimony bearing upon a theory of defense and weigh its credibility along with other evidence in the case."). We, therefore, conclude the trial court abused its discretion by excluding the testimony as irrelevant based on when the assault occurred. We conclude the evidence of the assault was relevant under Rule 401.

The question left unanswered is whether this relevant evidence was admissible pur-

---

**6.** The Fifth Circuit concluded that Carroll's actions coercing three other people to sell heroin, which were extraneous crimes, wrongs or acts involving other persons, were admissible under Federal Rules of Evidence 404(b). *See McClure,* 546 F.2d at 672.

suant to Rule 402.[7] In *Rankin v. State,* 974 S.W.2d 707, 709 (Tex.Crim.App.1996), this Court explained that under Rule 402, "even when no statute or rule exists barring the admissibility of relevant evidence, a court may deny its admission because of a constitutional impediment. However, when the admission of relevant evidence stands unobstructed by a constitution, statute or rule, then the judge must allow it in."

The State did not argue at trial or on appeal that appellant's testimony that Magee assaulted her was inadmissible under Rule 403[8], or that admission of her testimony was barred by any other statute, rule or constitutional provision. Even if the trial court had reviewed the evidence under Rule 403, it would have been an abuse of discretion to exclude the evidence. After reviewing the record before us, we conclude admission of appellant's testimony that Magee assaulted her shortly after she attempted to deliver the cocaine to the undercover officer was not barred. Appellant's testimony was admissible, and the jury should have been allowed to hear it and weigh it with the other evidence.

We reverse the judgment of the Austin Court of Appeals and remand this case to that court so that it can conduct a harm analysis consistent with Texas Rule of Appellate Procedure 44.2.

WOMACK, J., concurred with an opinion

WOMACK, J., filed a concurring opinion.

I join the judgment of the Court and its opinion, except for the discussion of constitutional principles, *ante* at 506 – 507. In my view those principles are not implicated in this case.

---

7.  Rule 402 states:
    All relevant evidence is admissible, except as otherwise provided by constitution, by statute, by these rules or by other rules prescribed pursuant to statutory authority. Evidence which is not relevant is inadmissible.

8.  Rule 403 states:

    Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, or needless presentation of cumulative evidence.