TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







ON REMAND









NO. 03-99-00040-CR







Deleslyn Lightsey Miller, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT


NO. 98-2789, HONORABLE BOB PERKINS, JUDGE PRESIDING







 On original submission, we affirmed appellant's conviction for delivery of less than
one gram of cocaine. Miller v. State, No. 99-040 (Tex. App.--Austin Sep. 10, 1999) (not
designated for publication). The court of criminal appeals reversed our judgment on appellant's
petition for discretionary review, holding that we erred by sustaining the district court's exclusion
of evidence offered by appellant to support her claim of duress. Miller v. State, 36 S.W.3d 503,
509 (Tex. Crim. App. 2001). The cause was remanded to us to conduct a harm analysis. Id.

Appellant testified and admitted selling cocaine to an undercover officer. She
contended, however, that she was compelled to do so by James Magee, the individual who
arranged the transaction with the undercover officer. See Tex. Penal Code Ann. § 8.05 (West
1994). To support her defense of duress, appellant sought to testify that sometime after the drug
transaction, either that night or early the next morning, she was assaulted by Magee. In an offer
of proof, appellant testified that she left the motel room following the delivery and spent the night
at a campground of homeless people. When Magee found her, he accused her either of
withholding $10 from the drug deal or of "messing up" the deal, and he slapped her and cut her
with a bottle. The trial court excluded the evidence on the ground that the assault subsequent to
the drug transaction was not relevant to appellant's duress defense. The court did, however, allow
appellant's testimony that she had been beaten by Magee on an occasion prior to the offense.

We concluded that the district court's ruling was not an abuse of discretion. Miller,
No. 99-040, slip op. at 6. The court of criminal appeals disagreed. The court reasoned as
follows:


[A]ppellant testified that Magee threatened her, forcing her to make the delivery
to the undercover officer. There was little, if any, attenuation between the delivery
of the cocaine and the assault. Appellant proffered the testimony that Magee
pursued her after she made the delivery. When Magee caught up to her a few
hours after the delivery and discovered the deal had not gone the way he wanted
and that he would not receive the money from the delivery which he expected, he
then carried out the threat he made before the delivery and assaulted appellant. A
rational jury could find that this evidence helps to prove that appellant was under
a constant state of duress from Magee when she delivered the cocaine, that this
duress caused her to fear for her safety, and that her fear was reasonable. 
Appellant's testimony that Magee assaulted her tended to make the existence of a
consequential fact more probable, i.e., that appellant delivered the cocaine under
duress than it was without the admission of the testimony. . . . We, therefore,
conclude the trial court abused its discretion by excluding the testimony as
irrelevant based on when the assault occurred. We conclude the evidence of the
assault was relevant under [Texas Rule of Evidence] 401.



Miller, 36 S.W.3d at 508. After further concluding that the admission of this relevant evidence
was not prohibited by any other evidentiary rule, or by any constitutional or statutory authority,
the court held that the evidence was admissible under Texas Rule of Evidence 402. Id. at 509. The court of criminal appeals instructed us to "conduct a harm analysis consistent
with Texas Rule of Appellate Procedure 44.2." Id. The court did not specify whether this Court
should apply rule 44.2(a), the test applied to constitutional errors, or rule 44.2(b), the test applied
to all other errors. Appellant relied on rule 44.2(b) in her brief to this Court on original
submission and in her brief to the court of criminal appeals on petition for discretionary review,
but in her supplemental brief on remand she urges us to apply rule 44.2(a). The State contends,
and we agree, that the proper standard is rule 44.2(b).

Appellant asserts that the exclusion of her defensive testimony violated her Sixth
Amendment rights. In its opinion, the court of criminal appeals recognized that a defendant has
a constitutional right "to present evidence of a defense as long as the evidence is relevant and is
not excluded by an established evidentiary rule." Id. at 507. The issue raised by appellant's
petition for review, however, was whether the alleged assault occurring after the offense was
committed was, in fact, relevant to appellant's duress defense. Citing United States v. McClure,
546 F.2d 670 (5th Cir. 1977), the court held that the evidence was relevant because it "tended to
make the existence of a consequential fact more probable, i.e., that appellant delivered the cocaine
under duress than it was without the admission of the testimony." Id. at 508. This is a
paraphrase of rule 401, which the court cited as authority for its holding.

This Court has rejected the argument that constitutional error is committed
whenever a trial court erroneously excludes defensive evidence. See Tate v. State, 988 S.W.2d
887, 889 (Tex. App.--Austin 1999, pet. ref'd). "With respect to the erroneous admission or
exclusion of evidence, constitutional error is presented only if the correct ruling was
constitutionally required. A mere misapplication of the rules of evidence is not constitutional
error. . . . [T]he erroneous exclusion of defensive evidence is not constitutional error if the trial
court's ruling merely offends the rules of evidence." Id. at 890. (1)
 The district court's conclusion
that Magee's assault of appellant was irrelevant to her duress defense because it took place after
the drug transaction for which she was on trial was a misapplication of rule 401. As such, the
error was not of constitutional dimension.

Our task, therefore, is to determine whether the district court's error affected
appellant's substantial rights. See rule 44.2(b). The State urges that it did not. The State notes
that the jury had before it evidence, including a videotape of the drug transaction, that tended to
undermine appellant's claim that she sold the cocaine under duress. The State also cites
statements made by appellant during questioning outside the jury's presence indicating that Magee
assaulted her because she failed to pay him his share of her prostitution earnings. (2) The State
argues that had appellant been allowed to testify regarding the assault, her admission that the
assault was occasioned by her failure to pay Magee his "pimp fee" would have been elicited on
cross-examination. As regards the duress defense, however, the reason for the assault is less
important than the fact of the assault. That Magee repeatedly struck appellant with his fists and
cut her several times with a broken beer bottle, for whatever reason, is compelling evidence that
appellant had reason to fear him and thus lends credibility to her claim of duress.

Under rule 44.2(b), the erroneous exclusion of relevant evidence warrants reversal
only if the exclusion had a substantial and injurious effect or influence in determining the jury's
verdict. Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (quoting King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). This necessarily requires consideration of all the
evidence that was admitted. Morales, 32 S.W.3d at 867. But the entire record must be examined,
and consideration may also be given to such factors as the jury instructions, the parties' theories
of the case, and the closing arguments. Id.

In this case, there was no dispute that appellant sold cocaine to the undercover
officer and the only real issue was whether she was compelled to do so by Magee's threats. 
Duress is an affirmative defense, and the district court correctly instructed the jury that is was
appellant's burden to prove the defense by a preponderance of the evidence. See Tex. Penal Code
Ann. § 2.04(d) (West 1994). Because appellant bore the burden of persuasion, the exclusion of
testimony relevant to her defense was particularly damaging to her. 

We agree with the State that there is other evidence tending to rebut appellant's
claim of duress. But while we do not necessarily believe the jury would have acquitted appellant
but for the court's error, we cannot state with fair assurance that the excluded testimony would
have had no effect, or but slight effect, on the jury's consideration of appellant's affirmative
defense. See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (conviction should
not be overturned for nonconstitutional error if appellate court, after examining whole record, has
fair assurance that error did not influence jury, or had but slight effect). We intimate no opinion
as to the credibility of appellant's duress defense. We decide only that, on this record, appellant
was harmed when the jury was not given the opportunity to hear testimony relevant to appellant's
defense and assess its credibility along with the other evidence in the case. Point of error two is
sustained.

The judgment of conviction is reversed and the cause is remanded to the district
court.



 __________________________________________

 Jan P. Patterson

Before Chief Justice Aboussie, Justices Kidd and Patterson

Reversed and Remanded on Remand

Filed: March 29, 2001

Publish
1. In Tate, a prosecution for murder, we concluded that the erroneous exclusion of
testimony relevant to the defendant's self-defense claim did not affect a substantial right because
there was no evidence the deceased used deadly force. See Tate v. State, 988 S.W.2d 887, 891
(Tex. App.--Austin 1999, pet. ref'd). 

2. This testimony was also noted by the court of criminal appeals in its opinion. See Miller
v. State, 36 S.W.3d 503, 505 n.3 (Tex. Crim. App. 2001).



error was not of constitutional dimension.

Our task, therefore, is to determine whether the district court's error affected
appellant's substantial rights. See rule 44.2(b). The State urges that it did not. The State notes
that the jury had before it evidence, including a videotape of the drug transaction, that tended to
undermine appellant's claim that she sold the cocaine under duress. The State also cites
statements made by appellant during questioning outside the jury's presence indicating that Magee
assaulted her because she failed to pay him his share of her prostitution earnings. (2) The State
argues that had appellant been allowed to testify regarding the assault, her admission that the
assault was occasioned by her failure to pay Magee his "pimp fee" would have been elicited on
cross-examination. As regards the duress defense, however, the reason for the assault is less
important than the fact of the assault. That Magee repeatedly struck appellant with his fists and
cut her several times with a broken beer bottle, for whatever reason, is compelling evidence that
appellant had reason to fear him and thus lends credibility to her claim of duress.

Under rule 44.2(b), the erroneous exclusion of relevant evidence warrants reversal
only if the exclusion had a substantial and injurious effect or influence in determining the jury's
verdict. Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (quoting King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). This necessarily requires consideration of all the
evidence that was admitted. Morales, 32 S.W.3d at 867. But the entire record must be examined,
and consideration may also be given to such factors as the jury instructions, the parties' theories
of the case, and the closing arguments. Id.

In this case, there was no dispute that appellant sold cocaine to the undercover
officer and the only real issue was whether she was compelled to do so by Magee's threats. 
Duress is an affirmative defense, and the district court correctly instructed the jury that is was
appellant's burden to prove the defense by a preponderance of the evidence. See Tex. Penal Code
Ann. § 2.04(d) (West 1994). Because appellant bore the burden of persuasion, the exclusion of
testimony relevant to her defense was particularly damaging to her. 

We agree with the State that there is other evidence tending to rebut appellant's
claim of duress. But while we do not necessarily believe the jury would have acquitted appellant
but for the court's error, we cannot state with fair assurance that the excluded testimony would
have had no effect, or but slight effect, on the jury's consideration of appellant's affirmative
defense. See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998) (conviction should
not be overturned for nonconstitutional error if appellate court, after examining whole record, has
fair assurance that error did not influence jury, or had but slight effect). We intimate no opinion
as to the credibility of appellant's duress defense. We decide only that, on this record, appellant
was harmed when the jury was not given the opportunity to hear testimony relevant to appellant's
defense and assess its credibility along with the other evidence in the case. Point of error two is
sustained.

The judgment of conviction is reversed and the cause is remanded to the district
court.



 __________________________________________

 Jan P. Patterson

Before Chief Justice Aboussie, Justices Kidd and Patterson

Reversed and Remanded on Remand

Filed: March 29, 2001

Publish
1. In Tate, a prosecution for murder, we concluded that the erroneous exclusion of
testimony relevant to the defendant's self-defense claim did not affect a substantial right because
there was no evidence the deceased used deadly force. See Tate v. State, 988 S.W.2d 887, 891
(Tex. App.--Austin 1999, pet. ref'd). 

2. This testimony was also noted by the court of criminal appeals in its opinion. See Miller
v. State, 36 S.W.3d 503, 505 n.3 (Tex. Crim. App. 2001).



error was not of constitutional dimension.

Our task, therefore, is to determine whether the district court's error affected
appellant's substantial rights. See rule 44.2(b). The State urges that it did not. The State notes
that the jury had before it evidence, including a videotape of the drug transaction, that tended to
undermine appellant's claim that she sold the cocaine under duress. The State also cites
statements made by appellant during questioning outside the jury's presence indicating that Magee
assaulted her because she failed to pay him his share of her prostitution earnings. (2) The State
argues that had appellant been allowed to testify regarding the assault, her admission that the
assault was occasioned by her failure to pay Magee his "pimp fee" would have been elicited on
cross-examination. As regards the duress defense, however, the reason for the assault is less
important than the fact of the assault. That Magee repeatedly struck appellant with his fists and
cut her several times with a broken beer bottle, for whatever reason, is compelling evidence that
appellant had reason to fear him and thus lends credibility to her claim of duress.

Under rule 44.2(b), the erroneous exclusion of relevant evidence warrants reversal
only if the exclusion had a substantial and injurious effect or influence in determining the jury's
verdict. Morales v. State, 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) (quoting King v. State,
953 S.W.2d 266, 271 (Tex. Crim. App. 1997)). This necessarily requi