Affirmed and Memorandum Opinion filed June 30, 2005









Affirmed and Memorandum Opinion filed June 30, 2005.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-01230-CR

____________

 

MELVIN
WILLIAMS, Appellant

 

V.

 

THE STATE
OF TEXAS, Appellee

________________________________________________________

 

On Appeal from the 248th District Court 

Harris County, Texas

Trial Court Cause No. 962,081

________________________________________________________

 

M E M O R A N D U M   O P I N I O N

Appellant, Melvin Williams, was convicted of sexual assault.  In a single issue, appellant asserts that the
trial court abused its discretion by excluding relevant defense testimony.  We affirm. 








Appellant is a high school teacher who taught math to the victim, L.W., a
twenty-one-year-old special education student whose mental functioning is
similar to that of a child between eight and eleven years old.  The State put on evidence that appellant took
L.W. to the Rockets Motel where he rented a room and sexually assaulted
her.  A jury found appellant guilty and
sentenced him to eight years= confinement in the Texas Department of Criminal Justice and
assessed a $10,000 fine. 

In one issue, appellant contends that the trial court erred by excluding
the testimony of a private investigator. At trial, the State introduced three
guest registration forms from the Rockets Motel dated October 15, 2002,
November 26, 2002, and December 20, 2002, which showed appellant=s name and personal information.  Hasmuka Bhatka, the owner and operator of the
Rockets Motel, did not remember filling out the forms, but they were in his
handwriting.  Bhatka testified that he
knew it was appellant who had rented the room because A[w]e check I.D. and we check pictures@ when filling out the registration
forms.  Later, when asked if he had
checked the I.D. when he filled out the registration forms and whether the I.D.
picture matched the registering guest, Bhatka said, Ayes.@

At trial, appellant called private investigator Cornelius Barnes and
tried to introduce testimony to impeach Bhatka=s testimony that Rockets Motel
employees match each motel guest=s identity with a photo I.D. upon check-in.  The court sustained the State=s objection to the testimony[1]
and recognized for the record that Barnes would have testified that when he
rented a room at the Rockets Motel, the clerk, who was not Bhatka, did not
verify whether Barnes was the person pictured on the I.D. card. 








Appellant argues that the trial court should not have excluded Barnes=s testimony because it was relevant
to show Rockets Motel clerks did not always follow a policy of checking
identification and matching the photograph to the registering guest while
filling out the registration forms. 
Appellant maintains that this evidence would have supported his defense
that someone stole his driver=s license and used it at the motel.  Appellant further maintains Barnes=s testimony was vital to his defense
and that the exclusion amounted to constitutional error, or, alternatively,
harmful error that substantially violated his rights.

An appellate court reviews a trial court=s ruling on the admissibility of
evidence under an abuse of discretion standard.  Burden v. State, 55 S.W.3d 608,
615 (Tex. Crim. App. 2001).  An abuse of
discretion is found only when a trial court=s decision was so clearly wrong as to
lie outside the zone of reasonable disagreement.  Resendiz v. State, 112 S.W.3d
541, 544 (Tex. Crim. App. 2003).

Evidence
is admissible if it has any tendency to make a fact consequential to the
determination of the action more or less probable than it would be without the
evidence.  Tex. R. Evid. 401. 
Relevance decisions should largely be left up to the trial court=s discretion and should not be
overturned as long as they are within the realm of reasonable disagreement.  King v. State, 17 S.W.3d 7, 20
(Tex. App.CHouston [14th Dist.] 2000, pet. ref=d). 
To be relevant, evidence must be both material and probative.  Miller v. State, 36 S.W.3d 503,
507 (Tex. Crim. App. 2001).  Materiality
is established when evidence addresses proof of a material proposition, that
is, any fact that is of consequence to the determination of the action.  Id. 
To be probative, the proffered evidence must tend to make the existence
of the fact more or less probable than it would be without the evidence.  Id. 
Therefore, in determining whether Barnes=s testimony was relevant, we must
first determine whether it addresses a fact that is of consequence to the
action.








Appellant testified that he never went to the Rockets Motel and that
someone else must have used his driver=s license when checking in
there.  Thus, any evidence that someone
other than appellant may have checked into the motel using appellant=s I.D. is material.  However, a different clerk=s failure to check Barnes=s I.D. is not evidence supporting or
refuting a fact that is of consequence. 
This testimony does not address the motel=s policy concerning checking I.D.=s or whether Bhatka would have
allowed someone else to rent the room using appellant=s I.D. because it is reasonable to
conclude Bhatka was testifying to his own habits and to what the clerks are
supposed to do.  Barnes=s experience at the motel merely goes
to the unrelated side issue of how faithful other clerks are to the
implementation of the motel policy.

Even if Barnes=s testimony were material, it is also not probative of
whether appellant rented a room at the Rockets Motel.  Miller explains probativeness as a test of
logic or common sense as to whether evidence makes a material issue more or
less likely.  Miller, 36 S.W.3d at
507.  It does not logically follow that
because one clerk failed to check Barnes=s I.D., Bhatka similarly failed to
check appellant=s identification.

We find that it was reasonable for the trial court to have concluded that
Barnes=s testimony was irrelevant.[2]  Accordingly, the trial court did not abuse
its discretion in excluding it.








Finally, even if the trial court erred in excluding Barnes=s testimony, any such error is
harmless.  Rule 44.2(b) provides A[a]ny [non-constitutional] error,
defect, irregularity, or variance that does not affect substantial rights must
be disregarded.@  Tex. R. App. P. 44.2(b).  Appellate courts will not overturn a
conviction for non-constitutional error if the court, after examining the
record as a whole, has fair assurance that the error did not influence the
jury, or influenced the jury only slightly.[3]
 Schutz v. State, 63 S.W.3d 442,
444 (Tex. Crim. App. 2001). 

Appellant claims that the State could not have made its case without
Bhatka=s testimony and that the case hinged
on Bhatka=s credibility.  However, the State admitted to the jury
Bhatka=s credibility was questionable,
noting he was not an upstanding businessman and his motel was of questionable
character.  Rather than resting on Bhatka=s credibility, most of the State=s argument dealt with L.W.=s lack of ability due to her mental
capacity to frame appellant, as well as L.W.=s lack of motivation to fake a sexual
assault.  Thus, even without believing
that Bhatka checked appellant=s I.D., the jury could have found appellant=s claim that he was not there and did
not commit the crime to lack validity.

Considering the record as a whole, the exclusion of Barnes=s testimony influenced the jury
little if any because the registration forms and Bhatka=s testimony were only a small part of
the State=s case and there was other evidence
available to question the validity of the registration forms.  Thus, the exclusion of Barnes=s testimony, if error, was harmless.

Appellant=s sole
issue is overruled, and the trial court=s
judgment is affirmed.

 

/s/        Leslie
Brock Yates

Justice

 

Judgment rendered and Memorandum
Opinion filed June 30, 2005.

Panel consists of Justices Yates,
Edelman, and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 











[1]  The State
objected based on Texas Rule of Evidence 608(b), which prohibits inquiry into
specific instances of conduct of a witness to either attack or support a
witness=s credibility.  Tex. R. Evid. 608(b). The State also
argued that the evidence was not relevant. 
Because we conclude that the record supports a finding that the excluded
testimony was irrelevant, we need not decide whether the trial court was
correct in sustaining the State=s Rule 608(b) objection.





[2]  Appellant also
argues that Bhatka Aopened the door@ to
Barnes=s testimony by using the word Awe@ when referring to the motel=s policy of checking identification.  However, because Barnes=s testimony was irrelevant, it does not matter that
Bhatka may have opened the door to impeachment evidence.  In Jensen v. State, 66 S.W.3d 528,
539 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d), this court explained that opening the door to
testimony does not in and of itself make the testimony admissible; it must also
be relevant to a fact of consequence in the case.  Since, as indicated above, Barnes=s testimony is irrelevant, it was proper to exclude
it.

 





[3]  Appellant
claims that because the testimony was so vital to his defense the exclusion
amounted to constitutional error because it significantly undermined elements
of his defense and effectively precluded him from presenting a defense.  Erroneously excluded evidence will only be
constitutional error if the evidence is so vital to the defendant=s case that the exclusion significantly undermines
fundamental elements of the accused=s
defense.  Potier v. State, 68
S.W.3d 657, 666 (Tex. Crim. App. 2002) (holding that erroneous exclusion of self-defense
testimony did not constitute constitutional error because defendant was not
prevented from presenting the substance of his defense to the jury).  However, other evidence was admitted at trial
that supported appellant=s defense.  For
example, other evidence admitted at trial allowed defense counsel to argue at
closing that appellant had never been to the Rockets Motel; someone must have
stolen his license and used it to forge an identification card; L.W. knew how
to do that because she learned to make business cards in her computer class;
Bhatka would probably take any identification handed to him because he only cared
about getting the eleven-dollar-per-hour room payment; and appellant could not
have been in Houston at the time indicated by the December 20, 2002
registration card and if one card is wrong, none can be believed.  Because the substance of appellant=s defense was presented to the jury, error, if any, in
excluding Barnes=s testimony was not constitutional error.