COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS


WILLIAM GAINEY,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§


 


§


 


§


 


§


 


§


 


 § 


No. 08-08-00239-CR



Appeal from the


168th District Court


of El Paso County, Texas 


(TC# 20080D00942) 


MEMORANDUM OPINION


 Appellant William Gainey appeals his conviction for robbery following a jury trial. He raises
three issues on appeal: (1) he was denied his right to present a defense, based upon the trial court's
exclusion of certain evidence on relevance and hearsay grounds; (2) the evidence was not legally
sufficient to establish guilt; and (3) the evidence was not factually sufficient to establish guilt. We
affirm.

FACTS


 William Gainey was charged by indictment with committing robbery on or about January 29,
2008, enhanced by a prior conviction. He pleaded not guilty and was tried to a jury. The jury found
him guilty and the trial court assessed punishment at 12 years in the Texas Department of Criminal
Justice Institutional Division. This appeal follows.

Exclusion of evidence did not deny right to present a defense


 In his first issue on appeal, Gainey urges that the trial court's exclusion of evidence violated
his rights to due process under the United States Constitution and due course of law under the Texas
Constitution. We review this claim under an abuse of discretion standard. Miller v. State, 36
S.W.3d 503, 507 (Tex. Crim. App. 2001). We find an abuse of discretion only when the trial judge's
decision was so clearly wrong as to lie outside that zone within which reasonable persons might
disagree. Cantu v. State, 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

 The evidence which Gainey attempted to submit was testimony by his mother, Olga
Wedgeworth, regarding his medical treatment, her power of attorney for him, and a bill from R.E.
Thomason General Hospital. The bill showed emergency room, pharmacy, and "pf ed" charges
totalling $1,271.25, date of service 1/30/08, and patient name of William Gainey. The trial court
sustained relevance objections to the medical treatment and power of attorney testimony, and a
hearsay objection to the document. Defense counsel later made a bill of exceptions with Ms.
Wedgeworth, in which she testified she had received and opened the correspondence from Thomason
Hospital. On appeal Gainey claims that excluding this evidence denied his constitutional right to
present a defense. (1)

 Although we agree that Appellant, like every criminal defendant, has the right to present a
defense, that right does not include presentation of hearsay or irrelevant testimony over objection. 
Here, Gainey wished to argue that he had been badly injured by the police, such that he was taken
to the hospital. This, in turn, would support his argument that his confession was questionable.

 Despite the exclusion of certain evidence, Gainey did present the testimony of his mother,
who stated that she heard her son come home around 1:30 a.m. on January 30, 2008. After he
arrived home, she heard him go outside to smoke a cigarette. Shortly after this, she heard rattling
and scuffling outside, then heard her son scream. She opened the door to her home and saw her son
on the ground, in handcuffs, with officers hitting and kicking him. There were more than eight
officers at her home during her son's arrest. She identified his sun visor and noted that it had a boot
mark on it that was not there earlier. She understood that her son was being taken to the El Paso
County jail, although in her opinion he needed medical treatment at that time. Defense counsel then
attempted to show that Ms. Wedgeworth had a power of attorney for her son, and in that capacity
had received a bill for medical services as set out above. (2) In response to the State's relevance and
hearsay objections, the trial court excluded that evidence.

 The defensive theory at issue here amounts to an attempt to refute Gainey's statement that
he had been at the 7-11 around 9 p.m. to buy cigarettes and a beer, went to get his license out of the
car and:

 [T]hen went back inside the store and the clerk began to panic for no reason. . . . I
then began to reach into my pockets to pay and I saw a panic in his face. The store
clerk opened the register and began placing money inside the bag where my beer was. 
I did not know what was going but thought to myself, this stupid m-f- is giving me
money, so I thought f- it this guy wants to give me money so I took it and walked
out.


The defense, on closing argument, claimed that Mr. Gainey made this statement, not because he had
been at the scene of the robbery, but because he had been injured during the course of his arrest by
approximately ten officers, that they were determined to obtain a statement from him, that he was
tired and injured, and that he had agreed to whatever was necessary to end his interrogation. Based
on this, we conclude that Gainey was allowed to argue his defensive theory, that there was evidence
presented to the jury supporting it, and that the trial court did not err in excluding improper evidence
on the basis of relevance, speculation and hearsay. The trial court's exclusion of that improper
evidence did not prevent defendant from presenting his defense. Issue One is overruled.

The verdict was supported by legally and factually sufficient evidence


 In his second and third issues on appeal, Gainey asserts that his conviction was not supported
by legally and factually sufficient evidence. In reviewing legal sufficiency we view all the evidence
in the light most favorable to the verdict to determine whether any rational finder of fact could find
the essential elements of the crime as alleged beyond a reasonable doubt. Levario v. State, 964
S.W.2d 290, 294 (Tex. App. - El Paso 1997, no pet.). Any inconsistencies in the evidence are
resolved in favor of the verdict. Matson v. State, 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). In
reviewing factual sufficiency, we formerly would review all evidence in a neutral light to determine
whether the evidence is so weak that the verdict is clearly wrong and manifestly unjust or whether
the verdict is against the great weight of the evidence. Watson v. State, 204 S.W.3d 404, 414-15
(Tex. Crim. App. 2006). A factual sufficiency review is no longer appropriate, however.

 On October 6, 2010, the Court of Criminal Appeals overruled Clewis v. State, 922 S.W.2d
126, 133 (Tex. Crim. App. 1996), deciding that the legal sufficiency standard is the only standard
that a reviewing court should apply in determining whether the evidence is sufficient to support each
element of a criminal offense that the State is required to prove beyond a reasonable doubt. Brooks
v. State, No. PD-0210-09, 2010 WL 3894613, at *1-2 (Tex. Crim. App. Oct. 6, 2010). It based that
decision on its conclusion that factual and legal sufficiency review "have become essentially the
same standard and that there is no meaningful distinction between them that would justify retaining
them both." Id. at *1. We therefore overrule Issue Three. We will examine the evidence under the
legal sufficiency standard as instructed by Brooks.

 Briefly summarized, the following evidence was before the jury. The convenience store clerk
at the 7-11 at North Loop and Pendale in El Paso County, Texas was approached by an individual
who came into the store at 9:30 p.m. on January 29, 2008 to purchase beer and cigarettes. The clerk
requested identification, the customer left, then shortly thereafter re-entered, looking around as if
checking for others in the store. The individual then told the clerk, "You better give me all the
fucking money, and don't make any smart moves." He then stated that he had a gun, and did not
want to use it, with his hand in his pocket as he said this. The clerk was in fear for his life and
placed money in a bag with the beer and cigarettes. The clerk identified Gainey from a photo lineup
later that night. A police officer canvassed the store area and found Gainey's driver's license and
a baggie of marijuana about eight feet outside the store. The officer confirmed a similarity between
the photo on the license and the person shown on the store's security tapes. A number of officers
were dispatched to Gainey's residence and waited there until Gainey arrived. After a brief scuffle,
Gainey was arrested and handcuffed. After receiving his Miranda warnings, Gainey gave a written
statement to the police, admitting that he went to the 7-11 around 9 p.m. for cigarettes and beer, that
the clerk asked for identification which he obtained from his car, and when he returned the clerk
panicked "for no reason" and put money from the cash register into the bag with Gainey's purchases. 
Although defense counsel ably cross-examined the State's witnesses, most specifically about
Gainey's birthmark and his ethnicity, we do not see that this evidence rises to a level which causes
us to question the conviction here. Issues Two and Three are overruled.

CONCLUSION


 The conviction is affirmed.


 SUSAN LARSEN, Justice (former)

October 27, 2010


Before Chew, C.J., McClure, J., and Larsen, J.

Larsen, J. (sitting by assignment)


(Do Not Publish)

1. The State's response to this issue is that Appellant failed to preserve his claim of error by not objecting to
the exclusion of evidence on constitutional grounds. We need not reach this waiver argument, as we find that the
trial court properly excluded the evidence.
2. Upon questioning from the trial court, defense counsel assured the court that the power of attorney was
not intended to show that Gainey had any sort of mental disability. Rather, apparently the defense wanted to show
that the mother had the authority to open Gainey's mail and do whatever legal business necessary on his behalf.