COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| WILLIAM GAINEY, | § | No. 08-08-00239-CR |
| Appellant, | § | Appeal from the |
| v. | § | 168th District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC# 20080D00942) |
| | § | |

## MEMORANDUM OPINION

Appellant William Gainey appeals his conviction for robbery following a jury trial. He raises three issues on appeal: (1) he was denied his right to present a defense, based upon the trial court's exclusion of certain evidence on relevance and hearsay grounds; (2) the evidence was not legally sufficient to establish guilt; and (3) the evidence was not factually sufficient to establish guilt. We affirm.

## FACTS

William Gainey was charged by indictment with committing robbery on or about January 29, 2008, enhanced by a prior conviction. He pleaded not guilty and was tried to a jury. The jury found him guilty and the trial court assessed punishment at 12 years in the Texas Department of Criminal Justice Institutional Division. This appeal follows.

### Exclusion of evidence did not deny right to present a defense

In his first issue on appeal, Gainey urges that the trial court's exclusion of evidence violated his rights to due process under the United States Constitution and due course of law under the Texas Constitution. We review this claim under an abuse of discretion standard. *Miller v. State,* 36

S.W.3d 503, 507 (Tex. Crim. App. 2001). We find an abuse of discretion only when the trial judge's decision was so clearly wrong as to lie outside that zone within which reasonable persons might disagree. *Cantu v. State,* 842 S.W.2d 667, 682 (Tex. Crim. App. 1992).

The evidence which Gainey attempted to submit was testimony by his mother, Olga Wedgeworth, regarding his medical treatment, her power of attorney for him, and a bill from R.E. Thomason General Hospital. The bill showed emergency room, pharmacy, and "pf ed" charges totalling $1,271.25, date of service 1/30/08, and patient name of William Gainey. The trial court sustained relevance objections to the medical treatment and power of attorney testimony, and a hearsay objection to the document. Defense counsel later made a bill of exceptions with Ms. Wedgeworth, in which she testified she had received and opened the correspondence from Thomason Hospital. On appeal Gainey claims that excluding this evidence denied his constitutional right to present a defense.[1]

Although we agree that Appellant, like every criminal defendant, has the right to present a defense, that right does not include presentation of hearsay or irrelevant testimony over objection. Here, Gainey wished to argue that he had been badly injured by the police, such that he was taken to the hospital. This, in turn, would support his argument that his confession was questionable.

Despite the exclusion of certain evidence, Gainey did present the testimony of his mother, who stated that she heard her son come home around 1:30 a.m. on January 30, 2008. After he arrived home, she heard him go outside to smoke a cigarette. Shortly after this, she heard rattling and scuffling outside, then heard her son scream. She opened the door to her home and saw her son on the ground, in handcuffs, with officers hitting and kicking him. There were more than eight

---

[1] The State's response to this issue is that Appellant failed to preserve his claim of error by not objecting to the exclusion of evidence on constitutional grounds. We need not reach this waiver argument, as we find that the trial court properly excluded the evidence.

officers at her home during her son's arrest. She identified his sun visor and noted that it had a boot mark on it that was not there earlier. She understood that her son was being taken to the El Paso County jail, although in her opinion he needed medical treatment at that time. Defense counsel then attempted to show that Ms. Wedgeworth had a power of attorney for her son, and in that capacity had received a bill for medical services as set out above.[2] In response to the State's relevance and hearsay objections, the trial court excluded that evidence.

The defensive theory at issue here amounts to an attempt to refute Gainey's statement that he had been at the 7-11 around 9 p.m. to buy cigarettes and a beer, went to get his license out of the car and:

> [T]hen went back inside the store and the clerk began to panic for no reason. . . . I then began to reach into my pockets to pay and I saw a panic in his face. The store clerk opened the register and began placing money inside the bag where my beer was. I did not know what was going but thought to myself, this stupid m–f– is giving me money, so I thought f– it this guy wants to give me money so I took it and walked out.

The defense, on closing argument, claimed that Mr. Gainey made this statement, not because he had been at the scene of the robbery, but because he had been injured during the course of his arrest by approximately ten officers, that they were determined to obtain a statement from him, that he was tired and injured, and that he had agreed to whatever was necessary to end his interrogation. Based on this, we conclude that Gainey was allowed to argue his defensive theory, that there was evidence presented to the jury supporting it, and that the trial court did not err in excluding improper evidence on the basis of relevance, speculation and hearsay. The trial court's exclusion of that improper evidence did not prevent defendant from presenting his defense. Issue One is overruled.

---

[2] Upon questioning from the trial court, defense counsel assured the court that the power of attorney was not intended to show that Gainey had any sort of mental disability. Rather, apparently the defense wanted to show that the mother had the authority to open Gainey's mail and do whatever legal business necessary on his behalf.

**The verdict was supported by legally and factually sufficient evidence**

In his second and third issues on appeal, Gainey asserts that his conviction was not supported by legally and factually sufficient evidence. In reviewing legal sufficiency we view all the evidence in the light most favorable to the verdict to determine whether any rational finder of fact could find the essential elements of the crime as alleged beyond a reasonable doubt. *Levario v. State,* 964 S.W.2d 290, 294 (Tex. App. – El Paso 1997, no pet.). Any inconsistencies in the evidence are resolved in favor of the verdict. *Matson v. State,* 819 S.W.2d 839, 843 (Tex. Crim. App. 1991). In reviewing factual sufficiency, we formerly would review all evidence in a neutral light to determine whether the evidence is so weak that the verdict is clearly wrong and manifestly unjust or whether the verdict is against the great weight of the evidence. *Watson v. State,* 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). A factual sufficiency review is no longer appropriate, however.

On October 6, 2010, the Court of Criminal Appeals overruled *Clewis v. State*, 922 S.W.2d 126, 133 (Tex. Crim. App. 1996), deciding that the legal sufficiency standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense that the State is required to prove beyond a reasonable doubt. *Brooks v. State*, No. PD-0210-09, 2010 WL 3894613, at *1-2 (Tex. Crim. App. Oct. 6, 2010). It based that decision on its conclusion that factual and legal sufficiency review "have become essentially the same standard and that there is no meaningful distinction between them that would justify retaining them both." *Id*. at *1. We therefore overrule Issue Three. We will examine the evidence under the legal sufficiency standard as instructed by *Brooks*.

Briefly summarized, the following evidence was before the jury. The convenience store clerk at the 7-11 at North Loop and Pendale in El Paso County, Texas was approached by an individual who came into the store at 9:30 p.m. on January 29, 2008 to purchase beer and cigarettes. The clerk

requested identification, the customer left, then shortly thereafter re-entered, looking around as if checking for others in the store. The individual then told the clerk, "You better give me all the fucking money, and don't make any smart moves." He then stated that he had a gun, and did not want to use it, with his hand in his pocket as he said this. The clerk was in fear for his life and placed money in a bag with the beer and cigarettes. The clerk identified Gainey from a photo lineup later that night. A police officer canvassed the store area and found Gainey's driver's license and a baggie of marijuana about eight feet outside the store. The officer confirmed a similarity between the photo on the license and the person shown on the store's security tapes. A number of officers were dispatched to Gainey's residence and waited there until Gainey arrived. After a brief scuffle, Gainey was arrested and handcuffed. After receiving his *Miranda* warnings, Gainey gave a written statement to the police, admitting that he went to the 7-11 around 9 p.m. for cigarettes and beer, that the clerk asked for identification which he obtained from his car, and when he returned the clerk panicked "for no reason" and put money from the cash register into the bag with Gainey's purchases. Although defense counsel ably cross-examined the State's witnesses, most specifically about Gainey's birthmark and his ethnicity, we do not see that this evidence rises to a level which causes us to question the conviction here. Issues Two and Three are overruled.

## CONCLUSION

The conviction is affirmed.

SUSAN LARSEN, Justice (former)

October 27, 2010

Before Chew, C.J., McClure, J., and Larsen, J.
Larsen, J. (sitting by assignment)

(Do Not Publish)