**Opinion filed September 29, 2017**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00235-CR

_____

## ANDY COLE HESBROOK JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 220th District Court**
**Comanche County, Texas**
**Trial Court No. CR-03755**

### M E M O R A N D U M   O P I N I O N

The jury convicted Andy Cole Hesbrook Jr. of burglary of a habitation with intent to commit sexual assault. The trial court assessed his punishment at confinement for twenty years in the Institutional Division of the Texas Department of Criminal Justice and assessed a fine of $2,500. In a single issue on appeal, Appellant contends that the trial court abused its discretion in refusing to admit

evidence of previous false allegations of assault made by the complainant. We affirm.

## *Background Facts*

The complainant, J.S., is a childhood friend of Appellant. J.S. and her sister, K.T., lived across the street from Appellant's parent's house in Gustine. On the evening of February 8, 2014, J.S., Appellant, Appellant's sister, and Appellant's parents rode together to the Circle T for an evening out. After spending several hours at the Circle T, J.S. and Appellant returned to Appellant's parents' house alone. J.S. and Appellant were intoxicated. At some point during the course of the evening, Appellant attempted to kiss J.S., but J.S. pushed him away. J.S. subsequently walked across the street to her home.

Once at home, J.S. told K.T. that Appellant had attempted to kiss her and that "it made [her] feel uncomfortable and it freaked [her] out." Before going to bed, K.T. locked the front and back door. J.S. and K.T. decided to share a bed that night. J.S. fell asleep, but K.T. stayed awake to text her boyfriend.

Later that night, K.T. saw Appellant standing in the hallway. Appellant entered the bedroom and lay down on the floor next to J.S.'s side of the bed. K.T. woke J.S. up and asked her what Appellant was doing in their home. When J.S. awoke, she noticed that Appellant's hands were in her underwear. J.S. began screaming, and the two women kicked Appellant out of their home. The next morning, Appellant sent J.S. several text messages, apologizing for what took place the prior night.

## *Analysis*

In his sole issue, Appellant contends that the trial court abused its discretion and denied his Sixth Amendment rights to confront witnesses and present a defense when it refused to admit evidence of two prior allegations of assault made by J.S. that were purportedly false. We review a trial court's ruling on admissibility of

evidence for an abuse of discretion. *Coble v. State*, 330 S.W.3d 253, 272 (Tex. Crim. App. 2010). We will uphold the trial court's decision unless it lies outside the zone of reasonable disagreement. *Salazar v. State*, 38 S.W.3d 141, 153–54 (Tex. Crim. App. 2001). We will uphold an evidentiary ruling on appeal if it is correct on any theory of law that finds support in the record. *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006); *Dering v. State*, 465 S.W.3d 668, 670–71 (Tex. App.— Eastland 2015, no pet.).

Outside the presence of the jury, Appellant sought to offer the testimony of J.S. regarding two previous allegations of assault. First, J.S. testified that she was previously married to a man named Eric Garcia. During her marriage to Garcia, J.S. complained to law enforcement that Garcia had sexually assaulted her three-year-old daughter. According to J.S., her daughter initially made the outcry of sexual assault to a therapist. Garcia was indicted for this offense, but the charges were later dismissed. Second, J.S. testified that she and her second husband got into a physical altercation. As J.S. attempted to call 9-1-1, her husband broke the phone. He was subsequently arrested for tampering with a 9-1-1 phone call.

The State objected to Appellant's proffered testimony on the grounds of relevance, Rule 403, Rule 404(b), and Rule 608(b). *See* TEX. R. EVID. 403, 404(b), 608(b). Appellant's trial counsel asserted that the testimony was admissible as follows:

> [T]he most crucial thing, Your Honor, for a jury as far as a witness is concerned is the witness's credibility. That's the crucial crux issue in a -- in an allegation and in a trial like this, is her credibility, and if she has a history and a pattern of making false accusations of sexual abuse, Your Honor, that goes to her credibility, and this jury deserves to hear about it. As -- from a defense standpoint we have a right to develop that. The Court -- we have a right to a defense here, Your Honor, to -- for the jury to hear all of this.

3

Appellant also asserted that the testimony was relevant. The trial court sustained the State's objections and precluded admission of the proffered testimony.

On appeal, Appellant relies on the Confrontation Clause of the Sixth Amendment of the United States Constitution, which guarantees an accused the right to confront witnesses against him. Appellant also asserts that the exclusion of J.S.'s prior allegations deprived him of his right to present a defense under the Sixth Amendment to the United States Constitution.

Generally, the right to present evidence and to cross-examine witnesses under the Sixth Amendment does not conflict with the corresponding rights under state evidentiary rules. *Hammer v. State*, 296 S.W.3d 555, 561 (Tex. Crim. App. 2009); *see Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001) ("A defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule."). As noted by the Court of Criminal Appeals in *Hammer*, there are two scenarios in which rulings excluding a defendant's evidence might rise to the level of a constitutional violation: (1) a state evidentiary rule that categorically and arbitrarily prohibits the defendant from offering otherwise relevant, reliable evidence that is vital to his defense and (2) a trial court's clearly erroneous ruling excluding otherwise relevant, reliable evidence that "forms such a vital portion of the case that exclusion effectively precludes the defendant from presenting a defense." 296 S.W.3d at 561 n.8 (quoting *Potier v. State*, 68 S.W.3d 657, 663–65 (Tex. Crim. App. 2002)).

Appellant is asserting a challenge under the "first category" because he is not asserting that the proffered testimony was admissible pursuant to the rules of evidence. To the contrary, Appellant is asserting that the testimony was admissible under the Sixth Amendment irrespective of the applicable rules of evidence. The Court of Criminal Appeals noted in *Hammer* that it is a rare situation when the applicable rules of evidence conflict with a federal constitutional right. *Id.* at 561.

The court in *Hammer* addressed the admission of evidence of prior false accusations in "sexual assaultive cases." *Id.* at 564. "[T]here is an important distinction between an attack on the general credibility of a witness and a more particular attack on credibility that reveals 'possible biases, prejudices, or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand.'" *Id.* at 562 (quoting *Davis v. Alaska*, 415 U.S. 308, 316 (1974)). A defendant does not have "an absolute constitutional right to impeach the general credibility of a witness in any fashion that he chooses." *Id.* However, the exposure of a witness's motivation in testifying is proper to show the witness's possible motives, bias, and prejudice. *Id.* at 562–63.

Rule 608(b) provides that "a party may not inquire into or offer extrinsic evidence to prove specific instances of the witness's conduct in order to attack or support the witness's character for truthfulness." Unlike some jurisdictions, Texas has not created a per se exception to Rule 608(b)'s general prohibition against impeachment with specific instances of conduct to admit evidence of a sex-offense complainant's prior false allegations of abuse or molestation. *Id.* at 564 (citing *Lopez v. State*, 18 S.W.3d 220, 225 (Tex. Crim. App. 2000)). Thus, evidence of prior false allegations are not admissible if offered to attack the victim's credibility in general. *Id.* at 565. "If, however, the cross-examiner offers evidence of a prior false accusation . . . for some purpose other than a propensity attack upon the witness's general character for truthfulness, it may well be admissible under our state evidentiary rules." *Id.* Nonetheless, "[w]ithout proof that the prior allegation was false or that the two accusations were similar, the evidence fails to have any probative value in impeaching [the complainant's] credibility." *Lopez*, 18 S.W.3d at 226.

The record does not reflect that Appellant had any purpose for offering the allegedly prior false allegations other than to attack the victim's credibility in

general.  As noted in *Hammer*, this is not a proper purpose for admitting prior false allegations.  The proffered testimony was not offered to show the victim's bias or motive but, rather, was offered to attack the victim's credibility in general by showing that she had made other allegations of abuse that were purportedly false.  "A sexual assault complainant is not a volunteer for an exercise in character assassination." *Hammer*, 296 S.W.3d at 564.  Furthermore, the proffered testimony did not show that the prior allegations of abuse were actually false or that they were made under similar circumstances as the allegations in this case.  In that regard, we decline to accept Appellant's contention that the prosecutor's decision to dismiss criminal charges is evidence that the allegations were untrue.  Accordingly, we conclude that the trial court did not abuse its discretion in denying admission of evidence of J.S.'s previous allegations of abuse.  *See* TEX. R. EVID. 608(b); *Hammer*, 296 S.W.3d at 564–66; *Lopez*, 18 S.W.3d at 226.  We overrule Appellant's sole issue.

### *This Court's Ruling*

We affirm the judgment of the trial court.

JOHN M. BAILEY

JUSTICE

September 29, 2017

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.