Affirmed and Memorandum Opinion filed September 20, 2005









Affirmed
and Memorandum Opinion filed September 20, 2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-04-00233-CR

____________

 

STEVEN RAY PEACE, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 338th
District Court

Harris County, Texas

Trial Court Cause No. 967,801

 



 

M E M O R A N D U M   O P I N I O N

A jury found appellant guilty of first
degree murder and the trial court sentenced appellant to confinement for
forty-five years in the Texas Department of Criminal Justice, Institutional
Division.  Appellant raises twenty seven
issues in which he challenges the trial court=s ruling on
admission of evidence and asserts he received ineffective assistance of
counsel.  We affirm.

Factual and
Procedural Background








In the late 1980's, appellant, Steven
Peace, stole cars and trucks for a theft ring operated by Charles and Chip
Campbell in Oklahoma.  Appellant would
steal a truck or car and drive it to Oklahoma where he would sell it to the
Campbells, who would then sell the vehicle intact, or sell its parts.  In the early morning hours of January 7,
1988, appellant shot and killed Dimas Garcia, a security guard at an automobile
dealership.  Also in January, 1988, while
driving a vehicle to Oklahoma, appellant stopped in Killeen, Texas to visit
with Chip Campbell.  Appellant told
Campbell he had to shoot someone to escape with a vehicle.  Almost two years later, Texas Ranger Stanley
Oldham and Harris County Sheriff=s Detective Max Cox
traveled to Austin County to interview appellant=s brother, David
Peace, in connection with the murder. 
After talking with David Peace, Oldham testified the investigation
centered around appellant.  Attempts to
locate appellant were unsuccessful. 

Several years later, on August 28, 2000,
Roger Wedgeworth of the Harris County cold case squad, began to review the
murder case.  After reviewing the
statements made during the initial investigation and speaking with Charles and
Chip Campbell, Wedgeworth retrieved several bullets and spent shell casings
from the back yard of appellant=s former
home.  The firearms examiner determined
that the gun appellant used in his back yard matched the gun used to shoot
Garcia at the Beck and Masten car dealership. 
Appellant was subsequently indicted and convicted of murder.

Discussion

I.        Admission
of Evidence

In issues one through twelve, appellant complains of the admission of
hearsay testimony by Texas Ranger Stanley Oldham.  Appellant contends the trial court erred in
admitting back-door hearsay by Oldham of what David Peace and Brynda Abdullah
told him during his investigation. 
Appellant argues the hearsay was admitted in violation of article 1, sections
10 and 19 of the Texas Constitution, the Fifth and Fourteenth Amendments to the
United States Constitution, and Texas Rule of Evidence 802.  

A.      Detective
Oldham=s Testimony

Appellant complains of the following
testimony elicited by the State from Detective Oldham during direct
examination:








Q       And did you, in fact, then to go Austin
County and talk to David Peace?

A       Yes.

Q       And specifically on September 13 of 1989
did David Peace provide you a written statement regarding information that he
had?

A       Yes, ma=am, he did.

Q       That was pertinent to this investigation?

A       Yes.

Q       As a result of that conversation with
David Peace, what did you and Detective Cox do?   

A       We continued our, or continued that
investigation, concentrating on information that he had given us.

Q       Okay. 
And did - - where did that information lead?

MR. MCWILLIAMS [defense
counsel]:  May we approach?

THE COURT:  You may.

(At the Bench)

MR. MCWILLIAMS:  We=re stepping on the borders of the motion in limine,
Judge.  In my opinion the response,
specifically the last question, was based on the information that we received
from David Peace.  That is strictly
hearsay evidence and the things that they did. 
Now he has told the jury that he=s proceeding on information he received.  That is backdoor hearsay.

THE COURT:  I think she can rephrase the question, ask
him what did he do next.

(In the hearing of the jury)

Q       (By Ms. Nassar [prosecutor])  Ranger Oldham, without going into the
statement that David Peace gave you, what did, what was the next thing that you
all did in your investigation?

A       Our investigation centered around a particular
person.

Q       And who was that person?

A       Steven Peace.

MR. MCWILLIAMS:  Again, your Honor, may we approach?

THE COURT:  Do you object to that specific answer?

MR. MCWILLIAMS:  Object to that specific question and answer.

THE COURT:  Be
overruled as to that.  You may proceed.








Appellant also argues the trial court erroneously
allowed Detective Oldham to testify as to back-door hearsay by Brynda Abdullah,
formerly Brynda Peace, based on the following exchange:

Q       [By Ms. Nassar]  You stated that Brynda Peace gave you a
written statement.  What did you all do
next in your investigation?

A       After her statement?

Q       Yes.

A       Continued
to investigate Steven Peace.

Appellant contends Detective Oldham=s testimony
concerning the focus of his investigation being on appellant after he spoke to
both David Peace and to Abdullah constitutes back-door hearsay.  Appellant argues Detective Oldham=s answers showed
that based on the statements of David Peace and Abdullah the investigation Acentered@ and Acontinued@ to center around
appellant, leading to the inescapable conclusion that both David Peace and
Abdullah inculpated appellant.  

a.       Standard
of Review

In reviewing the admission of evidence
this court follows an abuse of discretion standard of review.  See Weatherred v. State, 15 S.W.3d
540, 542 (Tex. Crim. App. 2000).  The
test for abuse of discretion is not whether, in the opinion of the reviewing
court, the facts present an appropriate case for the trial court's action;
rather, it is a question of whether the court acted without reference to any
guiding rules or principles.  Montgomery
v. State, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990).  

b.       Hearsay








The rules of evidence prohibit admission
of hearsay evidence except as provided by statute or other rules prescribed
pursuant to statutory authority.  See
Tex. R. Evid. 802. AHearsay@ is a statement,
other than one made by the declarant while testifying at trial, offered in
evidence to prove the truth of the matter asserted.  Tex.
R. Evid. 801(d).  A statement not
offered to prove the truth of the matter asserted is not hearsay.  Dinkins v. State, 894 S.W.2d 330, 347B48 (Tex. Crim.
App. 1995).  Statements offered for the
purpose of explaining how a defendant became a suspect and not for the truth of
the matter asserted are not hearsay.  See
Dinkins, 894 S.W.2d at 347 (appointment book and patient application form
were not hearsay when tendered to show how appellant became a suspect in the
investigation). Thus, a police officer may testify that after taking a witness
statement the investigation focused on a particular defendant.  See Gholson v. State, 542 S.W.2d 395,
398 (Tex. Crim. App. 1976) (A[a]n extra‑judicial
statement or writing may be admitted as circumstantial evidence from which an
inference may be drawn, and not for the truth of the matter stated therein,
without violating the hearsay rule.@).  This is because the testimony assists the
jury=s understanding of
the events by providing context for the police officer=s actions.  See Cano v. State, 3 S.W.3d 99, 110
(Tex. App.CCorpus Christi 1999, pet. ref=d).

Here, David Peace=s statement was
never offered or admitted into evidence at trial.  No statements made by David Peace were
admitted during Oldham=s or Abdullah=s testimony.  Oldham=s testimony that
his investigation centered, or continued to center, on appellant after taking
David Peace=s and Abdullah=s statements was
admissible to show how appellant became a suspect.  Issues one through twelve are overruled.

B.      Right
to Confront and Cross-Examine David Peace       

In issues thirteen and fourteen, appellant
argues he was denied the right to confront and cross-examine David Peace in
violation of article 1, sections 10 and 19 of the Texas Constitution and the
Sixth Amendment to the United States Constitution.  Appellant did not advance this objection
until after the conclusion of trial in a motion for new trial.  At trial, appellant objected to the
complained of testimony on the ground of hearsay, not on the ground that he had
been denied his right to confront a witness. 
An objection on hearsay does not preserve error on Confrontation Clause
grounds. Paredes v. State, 129 S.W.3d 530, 535 (Tex. Crim. App.
2004).  Thus, we hold appellant did not
preserve for appeal issues thirteen and fourteen complaining of the denial of
appellant=s federal and state constitutional rights
to confront witnesses. 








Even if appellant preserved error, the
trial court did not deny appellant his right to confrontation under the federal
and state constitutions.  A testimonial
out-of-court statement that is introduced into evidence is barred by the
Confrontation Clause unless the witness is unavailable and has been subject to
cross-examination.  Crawford v.
Washington, 541 U.S. 36, 53 124 S.Ct. 1354, 1374, 158 L.Ed.2d 177
(2004).  Although David Peace=s statement was a
testimonial out-of-court statement, it was not introduced into evidence at
trial.  Therefore, the trial court did
not abuse its discretion.  Appellant=s thirteenth and
fourteenth issues are overruled.

C.      The
State=s Cross-Examination of Appellant

In issue fifteen, appellant argues the
prosecutor committed reversible error in questioning appellant about
inadmissible statements alleged to have been made by David Peace.  The following is an excerpt of the State=s
cross-examination of appellant:

Q       Do you remember talking to your brother,
specifically pulling up to the parking lot area of the Beck and Masten car
dealership late one night in either December 1988 or January 1989?

A       No.

Q       Do you remember talking to your brother
right then in front of that car dealership and telling him you had shot a
security guard there?

MR.MCWILLIAMS:  Object to this and ask if we can approach.

THE COURT:  Approach.

(At the Bench)

MR. MCWILLIAMS:  Your Honor, we=re going to object to this.  This is hearsay.  This is all - - 

THE COURT:  As far as what he said?

MR. MCWILLIAMS:  This is all based on David Peace=s statement that he is not here to
be cross examined by.

MS. NASSAR:  I can ask him what he said.

THE COURT:  In terms of what he said.  Obviously - - 

MR. MCWILLIAMS:  The defense=s position is that is backdoor
hearsay of David Peace=s statement.








THE COURT:  Your objection is overruled.  The questions can be asked specifically as to
what he said, not in terms of, couched in terms of what the brother said about
that but obviously just in terms of what he said, if he ever made such
statements, not in terms of what was said to him.

(In the hearing of the jury)

Q       (By Ms. Nassar)  Did you remember telling your brother that
you had gone to the dealership looking for a way to get a truck out of the lot
when the security guard walked up on you?

A       No, I did not.

Q       Do you remember telling your brother that
you then pulled a pistol at that guard and the guard said something to you
like, please, don=t shoot me?

A       No, that never happened.

Q       Do you remember telling your brother that
you started firing the gun and didn=t stop until the gun was empty?

A       No, that never happened.

Q       Do you remember telling your brother that
you thought it was a Taurus nine millimeter?

A       No.

Q       That was the gun you used?

A       No.

Q       Do you remember telling your brother that
after you shot the guard you left and got in your truck and drove away?

A       No.

 








Appellant contends the prosecutor, in
questioning appellant about hearsay statements alleged to have been made by
David Peace, left the indelible mark in the minds of the jury that appellant
had confessed to his brother.  Appellant
argues that his own statements allegedly made to his brother were inadmissible
hearsay.  A party=s own statements
inculpating himself are admissible as non‑hearsay on the logic that a
party is estopped from challenging the fundamental reliability or
trustworthiness of his own statements.  Trevino
v. State, 991 S.W.2d 849, 853 (Tex. Crim. App. 1999).  Therefore, the State was permitted to
cross-examine appellant on statements alleged to have been made by him against
his own interest.  Tex. R. Evid. 801(e)(2)(A). (statement
is not hearsay if the statement is offered against a party and is his own
statement in either an individual or representative capacity).  Appellant=s fifteenth issue
is overruled.

II.       Ineffective
Assistance

In points of error sixteen through
twenty-five, appellant argues he was denied effective assistance of counsel
pursuant to the Fifth, Sixth, and Fourteenth Amendments to the United States
Constitution and article I, sections 10 and 19 of the Texas Constitution. Specifically,
appellant contends:

_        Counsel
failed to object to hearsay elicited from Detective Stanley Oldham and
back-door hearsay of David Peace.

_        Counsel
failed to request a contemporaneous limiting instruction be given to the jury
regarding impeachment by a prior inconsistent statement and failed to request a
limiting instruction on the impeachment issue in the final charge to the jury.

_        Counsel
failed to object to the improper cross-examination of Steven Peace.

_        Counsel
failed to object to the prosecution=s improper argument referring to inadmissible hearsay of
David Peace.

_        The
cumulative errors of trial counsel amounted to ineffective assistance of
counsel.

 

At the hearing on the motion for new
trial, appellant=s trial counsel testified he failed to
object to some, but not all of the questions by the prosecutor that were
allegedly designed to elicit the substance of David Peace=s statement.  Trial counsel further testified he did not
ask for a limiting instruction for impeachment purposes when appellant was
questioned on cross-examination.  He
further testified that such omissions were not the result of trial strategy.

 

 








A.      Standard
of Review

The standard of review for evaluating
claims of ineffective assistance of counsel is set forth in Strickland v.
Washington, 466 U.S. 668, 687 (1984). 
See Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App.
2002).  Under Strickland,
appellant must prove (1) trial counsel=s  performance was deficient, and (2) the
deficient performance was so serious that it prejudiced his defense.  466 U.S. at 687; Bone, 77 S.W.3d at
833.  To establish both prongs, appellant
must prove by a preponderance of the evidence that counsel=s representation
fell below the objective standard of prevailing professional norms, and there
is a reasonable probability that, but for counsel=s deficiency, the
result of the proceeding would have been different.  Bone, 77 S.W.3d at 833.  Appellant must identify specific acts or
omissions of counsel that constitute the alleged ineffective assistance and
affirmatively prove that counsel=s acts or
omissions fell below the professional norm for reasonableness.  Jackson v. State, 973 S.W.2d 954
(Tex.Crim.App.1998).  The alleged
ineffectiveness must be firmly founded in the record.  Bone, 77 S.W.3d at 835.  If appellant fails to satisfy either prong of
the Strickland test, we do not need to consider the remaining prong.  Strickland, 466 U.S. at 697. 

Judicial scrutiny of counsel=s performance must
be highly deferential, and we indulge a strong presumption that counsel was
effective.  Jackson v. State, 877
S.W.2d 768, 771 (Tex. Crim. App. 1994). 
We presume counsel=s actions were reasonably professional and
motivated by sound trial strategy.  Strickland,
466 U.S. at 689.  Appellant must overcome
this presumption by illustrating why trial counsel did what he did.  Belcher v. State, 93 S.W.3d 593, 595 (Tex.
App.CHouston [14th
Dist.] 2002, pet. dism=d). When evaluating an allegation of
ineffective assistance, the appellate court looks to the totality of the
representation and the particular circumstances of each case.  Thompson v. State, 9 S.W.3d 808, 813
(Tex. Crim. App. 1999).

 

 








B.      Failure to Object to
Alleged Hearsay

In issues sixteen through nineteen and
twenty-two, appellant contends his trial counsel was ineffective for failing to
object to alleged hearsay testimony.  In
addressing issues one through twelve, we found the testimony was admissible
because it was not hearsay.  A failure to
object to admissible evidence is not ineffective assistance of counsel.  McFarland v. State, 845 S.W.2d 824,
846 (Tex. Crim. App. 1992).  Therefore,
appellant has failed to show counsel=s performance was
deficient.  Issues sixteen through
nineteen, and twenty-two are overruled.

C.      Failure
to Request Limiting Instruction

In issues twenty and twenty-one, appellant
contends he received ineffective assistance of counsel because his trial
counsel failed to request limiting instructions regarding impeachment by a
prior inconsistent statement.  Appellant
alleges his counsel=s performance was deficient in that he did
not request a contemporaneous instruction at the time the evidence was
admitted, nor did he request an instruction in the jury charge.  Specifically, appellant contends he was
impeached by a prior inconsistent statement during his cross-examination and
during Brynda Abdullah=s testimony.  At trial, Abdullah testified that she
overheard appellant admit to his brother that he killed a security guard.  During cross-examination, appellant was asked
if he had admitted killing a security guard to his brother.








A prior inconsistent statement of a
witness may not be admitted until the witness is told the contents of the prior
statement as well as the time and the place and the person to whom it was made,
and is given an opportunity to explain or deny the statement.  Tex.
R. Evid. 613(a).  When the out‑of‑court
statement is made not by a witness but by a party, however, rule 613 no longer
applies.  Such statements are governed by
rule 801(e)(2)(A), which provides that a statement is not hearsay if it is
offered against a party and is that party=s own
statement.  See Tex. R. Evid. 801(e)(2)(A).  Therefore, as prior inconsistent statements
of a party, the statements were admissible as substantive evidence, not for
impeachment purposes.  Because the evidence
was not admitted for the sole purpose of impeachment, no limiting instruction
was required.  Cantrell v. State,
731 S.W.2d 84, 95 (Tex. Crim. App. 1987) (when the testimony could have been
admitted for both impeachment purposes and as direct evidence, no limiting
instruction is required).  Therefore,
appellant failed to show his counsel=s performance was
deficient.  Issues twenty-one and
twenty-two are overruled.

D.      Failure
to Object to Closing Argument

In his twenty-third and twenty-fourth
issues, appellant contends he received ineffective assistance of counsel
because his trial counsel failed to object to the State=s improper
argument.  Appellant complains of the
following argument:

[W]hen Mr. Garcia was sitting in
that parking lot, the defendant did exactly what he told his brother he did and
that is after he was breaking into a truck he came upon Mr. Garcia and he
unloaded on B 

 

MR. MCWILLIAMS:  Objection. 
Going outside the bounds of the evidence.

 

THE COURT:  Ladies and gentlemen, as the instruction
states, you are the exclusive judges of facts proved and the credibility of the
witnesses.  You=ll decide what the evidence is,
what it=s not.

 

*
* * * *

MS. NASSAR:  The police officers obtain information from
separate people at separate times.  And
what we know is the first break in this case comes when officers talk to David
Peace, the defendant=s brother.  And think about what is going on with David
Peace at that time.  At the time that he
talks to the police he=s been living with his brother,
Steven Peace, and what does he tell the police?

 

MR. MCWILLIAMS:  Objection, your Honor.  It=s clearly outside the bounds of the evidence as well as
previous motions filed with this court.

 

THE COURT:  Stay within the record.

 








MS. NASSAR:  Steven Peace gives a statement to the police
and Ranger Oldham told you that after that statement from David Peace that
Steven Peace became the primary suspect in this case and that was in September
of 1989.

 

The record reflects counsel objected to
the first two excerpts, but failed to object to the prosecutor=s comment that
appellant became the primary suspect after Oldham reviewed David Peace=s statement.  Because that evidence was properly before the
jury, the argument was not subject to objection.  See Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999) (reasonable
deduction from the evidence is proper area of jury argument).  Therefore, counsel=s failure to
object does not demonstrate deficient performance.  Appellant=s twenty-third and
twenty-fourth issues are overruled.

In his twenty-fifth issue, appellant
contends the cumulative effect of the errors alleged in points of error sixteen
through twenty-four was such that he was deprived of ineffective assistance of
counsel.  Although a number of errors can
be found harmful in their cumulative effect, non‑errors may not, in their
cumulative effect, amount to error. Chamberlain v. State, 998 S.W.2d
230, 238 (Tex. Crim. App. 1999).  Because
appellant has demonstrated no deficient performance by his trial counsel, there
can be no cumulative error or harm. 
Appellant=s twenty-fifth issue is overruled.

 

III.      Exclusion
of Evidence and Right to Present a Defense

In issues twenty-six and twenty-seven,
appellant argues the trial court erred in denying appellant=s right to present
a defensive theory of the case in violation of his rights under article I,
section 10 of the Texas Constitution and the Sixth Amendment to the United
States Constitution.  Appellant argues
the trial court erroneously excluded the testimony of Galen McFee, a security
guard at the Beck and Masten dealership. 
Appellant sought to introduce McFee=s testimony to
show an alternate perpetrator may have committed the murder and it may have
been an Ainside job.@  








Outside the presence of the jury, McFee
testified that he worked as a security guard for the Beck and Masten automobile
dealership.  In October, 1987, at least
three months before Dimas Garcia was killed, two men drove up to the fence at
the dealership and asked McFee if he knew anything about the AT-tops@ that had been
stolen recently.  When McFee said he did
not, one of the men said, Awe didn=t do it but we
know who did.@ 
The trial court did not allow McFee=s testimony before
the jury on the grounds that it was irrelevant and dissimilar from the charged
offense.  The trial court also excluded
the evidence on the ground that much of McFee=s testimony was
based on hearsay.  

Appellant contends McFee=s testimony was
essential to his defense that someone else could have murdered Garcia.  The United States Constitution ensures that
criminal defendants will have Aa meaningful
opportunity to present a complete defense.@  Miller v. State, 36 S.W.3d 503, 506
(Tex. Crim. App. 2001) (quoting Gilmore v. Taylor, 508 U.S. 333, 343,
113 S.Ct. 2112, 124 L.Ed.2d 306 (1993)). 
A defendant has a fundamental right to present evidence of a defense as
long as the evidence is relevant and is not excluded by an established
evidentiary rule.  Miller, 36
S.W.3d at 507.  A defendant has the right
to present a vigorous defense, and the jury should be allowed to hear all
admissible evidence offered by the defendant that bears on any defensive
theories.  Id. at 508.

Evidence is admissible if it has any tendency
to make a fact consequential to the determination of the action more or less
probable than it would be without the evidence. 
Tex. R. Evid. 401.  Determining whether proffered evidence is
relevant is within the trial court=s discretion and
should not be overturned if the decision is within the realm of reasonable
disagreement.  King v. State, 17
S.W.3d 7, 20 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  To be relevant, evidence must be both
material and probative.  Miller,
36 S.W.3d at 507.  Materiality is
established when evidence addresses proof of a fact that is of consequence to
the determination of the action.  Id.  To be probative, the evidence must tend to
make the existence of the fact more or less probable than it would be without
the evidence.  Id.  








We first consider whether McFee=s testimony
addresses a fact that is of consequence to the action.  Appellant=s defense was that
someone else killed Garcia.  Evidence
that someone else might have been near the car dealership around the time of
the murder or that someone might have been questioning Garcia prior to the
murder would be material.  Evidence that
unknown persons three months before the murder asked another security guard
about a minor theft is not evidence supporting or refuting a fact of
consequence.  

Even if McFee=s testimony was
material, it would not be probative of the fact that someone else killed
Garcia.  In determining probativeness, we
apply a test of logic as to whether evidence makes a material issue more or
less likely.  Miller, 36 S.W.3d at
507.  It is not logical that because
someone asked McFee about stolen AT-tops@ that those
persons or some other person killed Garcia three months later.  The trial court reasonably determined McFee=s testimony was
not relevant.  Appellant=s twenty-sixth and
twenty-seventh issues are overruled.

The judgment of the trial court is
affirmed.

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Memorandum Opinion filed September 20, 2005.

Panel consists
of Justices Yates, Anderson, and Hudson.

Do Not Publish C Tex.
R. App. P. 47.2(b).