Affirmed and Memorandum Opinion filed August 10, 2006








Affirmed
and Memorandum Opinion filed August 10, 2006.

 

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00862-CR

____________

 

RICHARD NEAL COCKRELL, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 180th
District Court

Harris County, Texas

Trial Court Cause No. 1007651

 



 

M E M O R A N D U M   O P I N I O N

Appellant Richard Neal Cockrell was convicted of aggravated
sexual assault of a child and sentenced to ten years= imprisonment.  In
four issues, appellant claims the trial court reversibly erred in excluding
evidence demonstrating his defensive theory of impossibility.  We affirm.

Factual and
Procedural Background








On July 3, 2004, K.L., then thirteen years old, was
visiting a family with whom she is friends at a store the family owns. 
Appellant, a heavyset man and friend of the same family, was also present at
the store.  During K.L.=s visit, appellant drove his Geo Tracker
to a nearby gas station for sodas, and K.L. rode alone with him.  According to
K.L., on the way to the gas station, appellant pulled over, unbuckled their
seat belts and her belt, kissed her face, and told her he loved her.  He then
unbuttoned her pants, pulled them partially down, and digitally penetrated her
vagina.  A couple of minutes later, he pulled her pants further down to her
knees and undid his own pants.  Appellant Amoved over on
[her] side of the car@ and penetrated her vagina with his
penis.  K.L. said she Afroze@ during the
assault but at some point moved away so her back was against the car door.  She
also said she remained seated in the passenger=s seat and her
feet were on the floorboard.  After the sexual assault, appellant and K.L.
drove to the gas station and returned to the store.  K.L. said the trip took
about fifteen minutes and that afterward she Apretended nothing
happened.@  About three months later, K.L. disclosed the sexual
assault, and the State charged appellant with aggravated sexual assault of a
child. 








Appellant denied that the sexual assault occurred and
claimed it was impossible for him to have assaulted K.L. as she described
because of his size and their positions in the car.  At trial, he called Brian
Benken, a criminal defense attorney and licensed private investigator, who he
had hired to document his defensive theory of impossibility.  Benken testified
that he had videotaped appellant climbing from the driver=s seat to the
passenger=s seat of a model Geo Tracker similar to appellant=s and had
represented K.L. using an adult actress approximately her size.[1] 
After videotaping appellant, Benken took a number of still photographs while
appellant repeated the demonstration.  During voir dire examination by the
State, Benken said he relied on police reports and K.L.=s videotaped
statement, which were not admitted into evidence, in making these exhibits. 
Benken claimed the exhibits were A[a]s accurate as
[he] could get . . . with the information provided.@  He admitted he
had no actual knowledge of the events on July 3, 2004 and could not say the exhibits
accurately re-enacted what happened.  The State objected to the videotape on
the basis of relevance and unfair prejudice, and the trial court sustained the
objection.  Appellant asked the court to reconsider, claiming the videotape
matched K.L.=s courtroom testimony Aexactly,@ and even if it
did not, minor discrepancies are permissible.  The trial court again sustained
the State=s objection.  Appellant also offered thirty-six
photographs of the demonstration.  The State objected on the basis of unfair
prejudice, cumulativeness, and relevance.  The trial court excluded all but a
photograph of appellant standing on a digital scale reading A277.5 @ and a photograph
of him sitting alone in the Tracker=s driver=s seat.[2]


Also at trial, appellant=s counsel advised
the trial court that the model Tracker was parked across the street and
requested a jury view, stating he wanted Ato have the jury
go down there and take a look at that Tracker and have [appellant] demonstrate
how he can climb across the seat into the passenger side.@  The trial court
denied appellant=s request.

Analysis








Appellant complains that the trial court erred in excluding
the videotape, photographs, and jury view because they were relevant and Anot otherwise
excludable@ under Rule 403 of the Texas Rules of Evidence.  He
claims their exclusion deprived him of his constitutional right to a fair
trial.  We review a trial court=s decision to admit or exclude evidence
under an abuse of discretion standard.  Ruth v. State, 167 S.W.3d 560,
566 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).  A trial court
must be given wide latitude in its decision to admit or exclude evidence.  Theus
v. State, 845 S.W.2d 874, 881 (Tex. Crim. App. 1992).  We do not disturb
the trial court=s decision if it is within the zone of
reasonable disagreement.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex.
Crim. App. 1990) (op. on reh=g).  Regardless of the trial court=s reasons for
admitting evidence, we uphold its decision if it is correct under any theory of
law.  See Santellan v. State, 939 S.W.2d 155, 167 n.19 (Tex. Crim. App.
1997).

To be relevant, evidence must be material and probative.  Miller
v. State, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001).  We will assume, for
purposes of this case, that the excluded evidence is relevant.  Although
relevant, evidence can be excluded Aif its probative
value is substantially outweighed by the danger of unfair prejudice, confusion
of the issues, or misleading the jury, or by considerations of undue delay, or
needless presentation of cumulative evidence.@  Tex. R. Evid. 403.  In conducting a
Rule 403 analysis, the trial court should consider the following factors: (1)
the inherent probative value of the evidence, (2) the potential that the
evidence would impress the jury in some irrational but indelible way, (3) the
time the proponent needs to develop the evidence, and (4) the proponent=s need for the
evidence.  Reese v. State, 33 S.W.3d 238, 240B41 (Tex. Crim.
App. 2000).

A.  Exclusion of the Videotape and Photographs

Appellant contends the videotape and photographs
demonstrate that K.L.=s description of the sexual assault was Anot plausible.@  However, a
review of the record shows they did not accurately reflect K.L.=s testimony.  In
the exhibits, appellant lifts his legs one at a time over the center consoleCwith evident
difficultyCand places them on the passenger=s floorboard
before shifting his entire body to the passenger=s side.  Although
K.L. testified appellant Amoved over on [her] side of the car,@ she said she was Anot sure@ where his legs
were, and she did not testify that he moved his entire body to the passenger=s seat.  Additionally,
the actress in appellant=s exhibits moves her back against the
corner of the passenger=s seat and door.  From this position, she
indirectly faces the driver=s seat.  K.L. testified her back was to
the door, not at the angle suggested in the exhibits.  Thus, appellant=s demonstration
directly contradicted K.L.=s testimony in some respects and supplied
details not contained in her testimony.








Because these discrepancies relate to a critical matterCappellant=s and K.L.=s positioning and
movements in the TrackerCthe exhibits= probative value
is small compared to their potential for unfairly prejudicing the jury in an
irrational way.  See Rossel v. State, No. 01-03-00906-CR, 2005 WL
327162, at *5 (Tex. App.CHouston [1st Dist.] Feb. 10, 2005, pet.
ref=d) (not designated
for publication) (A[R]e-enacted . . . defensive issues
involving human beings are impossible to duplicate in every minute detail and
are therefore inherently dangerous, offer little in substance and the impact of
the re-enactment is too highly prejudicial to ensure the State or the defendant
a fair trial.@ (quotation marks omitted)).  Moreover, there is a
high risk that this evidence would indelibly impress the jury with an erroneous
depiction of K.L.=s account of the assault.  See Harris
v. State, 152 S.W.3d 786, 792B93 (Tex. App.CHouston [1st
Dist.] 2004, pet. ref=d) (upholding trial court=s exclusion of
videotapes that recreated crime due to concern that discrepancies could mislead
and confuse jury).  Finally, the trial court admitted appellant=s testimony
regarding the re-enactment as well as twelve photographs of the Tracker, a
photograph of appellant seated in its driver=s seat, and a
photograph of appellant on a scale.  Thus, appellant had a decreased need for
the excluded videotape and photographs.[3] 
Based on the above factors, we conclude the trial court=s exclusion of the
videotape and photographs falls within the zone of reasonable disagreement and
does not constitute an abuse of discretion. 








Additionally,
appellant claims any discrepancies in the demonstrations and K.L.=s testimony go to the weight of the
evidence and not its admissibility.  In support of this argument, he cites Wright
v. State, 178 S.W.3d 905 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d), and Horn v. Hefner, 115
S.W.3d 255 (Tex. App.CTexarkana 2003, no pet.), which note that minor
dissimilarities between a portrayal of events and the actual events do not
render them substantially dissimilar and the portrayal thus inadmissible.  See
Wright, 178 S.W.3d at 922B23 (A[I]t is not necessary that the demonstration be identical to
the event in every respect.@); Horn, 115 S.W.3d at 256 (stating that conditions
depicted on a videotaped experiment and the actual event being litigated Ado not need to be identical@).  However, we noted in Wright that
the inaccuracy in question related to an Ainsignificant fact.@  Wright, 178 S.W.3d at 922.  Here, by contrast,
appellant=s and K.L.=s exact
positioning and movements were critical matters, distinguishing this case from Wright.  Moreover, Horn pointed out
that the trial court has discretion to determine whether dissimilarities
warrant exclusion of evidence.  Horn, 115 S.W.3d at 257.  The fact that
the discrepancies may be smallCfor example, whether the model placed her
back against the car door directly or  indirectlyCdoes not
necessarily render them insignificant.  Minor, almost imperceptible shifts in a
person=s body position
can affect range of motion.  Because appellant=s proffered
evidence contradicted some of K.L.=s account and
supplied information she did not provide that related to critical matters, we find
the trial court=s exclusion of this evidence does not
constitute an abuse of discretion.  We overrule appellant=s issues regarding
the excluded videotape and photographs.

B. 
Denial of Appellant=s Request for a
Jury View

Appellant also complains that the trial court erred in
denying his request for a jury view of his attempt to climb from the driver=s to the passenger=s seat.  The
decision whether to grant or deny a jury view is within the trial court=s discretion.  Mauricio
v. State, 153 S.W.3d 389, 393 (Tex. Crim. App. 2005).  In exercising its
discretion, the trial court must consider the totality of the circumstances,
including, but not limited to, the timing of the request for the jury view, the
difficulty and expense of arranging it, the importance of the information to be
gained by it, the extent to which the information has been or could be secured
from more convenient sources, and the extent to which the place or object to be
viewed has changed in appearance.  Id. 








Considering the totality of the circumstances, we find the
trial court did not abuse its discretion in denying appellant=s request for a
jury view.  Although his request was timely and the jury view involved little
difficulty or expense, appellant sought through the jury view Ato demonstrate his
defense that this is impossible so the jury can seeCactually see him
attempt to do what [K.L.] claims he did.@  As discussed
above, appellant=s prior re-enactment did not accurately
represent K.L.=s testimony regarding both her and appellant=s body positioning
and movements during the crime, and there is no indication appellant intended
to alter his live demonstration.  Thus, his demonstration would have risked
misleading the jury, and the trial court did not abuse its discretion in
denying appellant=s request.  We overrule appellant=s issue regarding
the jury view.

We affirm the trial court=s judgment. 

 

 

 

/s/      Leslie Brock Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed August 10, 2006.

Panel consists of
Chief Justice Hedges and Justices Yates and Guzman.

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  The videotape first features a walk around the model
Tracker, which is unoccupied with its doors open.  It then shows appellant in
the driver=s seat and the actress in the passenger=s seat.  Appellant reaches over and unfastens the
actresses=s belt and pants.  He pulls downward on her pants and
appears to give up after they reach her hips.  The actress then pulls her own
pants to her knees and slides to the outer edge of the passenger=s seat with her back in the corner.  Appellant raises
his right leg and, using both hands, moves his leg over the center console onto
the passenger=s floorboard.  He repeats this action with his left
leg and shifts his body so it is entirely on the passenger=s side on top of the actress.  





[2]  The excluded photographs show appellant climbing
from the driver=s to the passenger=s
seat, where the actress is seated.  They also show the actress standing by a
tape measure, standing on a scale, and sitting in the Tracker alone and with
appellant.  





[3]  Appellant testified at trial about performing the demonstrations Benken
documented.  He said it took him at least five minutes to climb to the
passenger seat and was Aa lot of work.@  He described how he Ahad to
virtually pull, with both hands, [his] legs up . . . to lift it up and over the
dash . . . and down across the gearshift and then come back and get the other
leg, at which point one leg did incur a charleyhorse.@  He claimed it Awould defy all physics@ for him to climb over and
penetrate K.L. in the manner she
described.  Given appellant=s abundant
testimony about the demonstrations, along with the photographs the trial court
admitted, even if the trial court erroneously excluded the evidence, it would
not constitute reversible error, as appellant claims.  See Potier v. State,
68 S.W.3d 657, 666 (Tex. Crim. App. 2002) (AExclusions
of evidence are unconstitutional only if they >significantly undermine fundamental elements of the accused=s defense.=@
(quoting United States v. Scheffer, 523 U.S. 303, 315 (1998))).  That a
defendant cannot A>present his case to the extent and in the form he
desired is not prejudicial where . . . he was not prevented from presenting the
substance of his defense to the jury.=@ Id.
(quoting United States v. Willie, 941 F.2d 1384, 1398B99 (10th Cir. 1991)).