**Affirmed and Memorandum Opinion filed June 30, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00261-CR

**KEVIN JOSEPH JOHNSON, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1389701**

## M E M O R A N D U M    O P I N I O N

In one issue, appellant Kevin Joseph Johnson challenges his burglary conviction on the basis that the trial court's exclusion of testimony prevented him from presenting his defense that he did not break into the subject property with the intent to commit theft. The jury found appellant guilty of burglary of a habitation with intent to commit theft, and the trial court sentenced him to 40 years' confinement after enhancing his sentence due to a previous conviction for

aggravated robbery. We affirm.

## *Background*

Complainant was at home one morning preparing her lunch to take to work when she heard a knock on the door. She looked out and saw appellant, who was wearing shorts, a stocking cap, and a backpack. She decided not to answer the door, as she was running late. Appellant began talking on his cell phone and walked across the lawn toward the side of the house.[1] Shortly thereafter, complainant was in the bathroom and heard a "loud bang" and then a "crash" coming from her bedroom. She grabbed her purse, ran out, got into her truck, quickly backed out of her driveway, pulled in front of her neighbor's house, and called 911.

An acquaintance who was working down the street observed complainant quickly backing out of her driveway in an unusual manner. He thought she was going to hit his truck and approached her to find out what had happened. She informed him that "somebody [was] in her house." They then both observed someone peeking out of the blinds in her son's room.

The first officer arrived within minutes. He went to the backyard, saw a broken window, and could hear someone moving around inside the house. He radioed for assistance and then heard a loud crash, apparently the sound of someone breaking the sliding glass patio door at the back of the house. Someone stuck a foot out of the door and peeked out. At trial, the officer identified the person as appellant. The officer ordered appellant to get on the ground, but he retreated back into the house.

Other officers and eventually a canine unit arrived. They recovered a

---

[1] Although complainant thought it was unusual that appellant walked across her lawn, her house is on a corner lot, and appellant was walking toward the street.

crowbar outside the house, entered the house, found a pillow case filled with prescription medication belonging to complainant and her son on the living room floor, and saw that certain rooms had been ransacked. Officers eventually found appellant in the garage, hiding under a blanket and "debris."[2] Appellant had two-dollar bills, complainant's checkbook, and other personal items belonging to complainant on him.[3] He was wearing gloves. A loaded black pistol was located near where he was found. Appellant's backpack was never recovered.

At trial, appellant's attorney attempted to elicit testimony from complainant regarding her telephone conversation with an alarm company representative in which she was informed that her motion detector had been activated the evening of the break-in when she was not home and regarding her opinion that someone was breaking out of—rather than into—her house. The State objected to this testimony on the basis of hearsay and speculation. The trial court sustained the State's objections.

### *Discussion*

Appellant contends that the trial court abused its discretion and prevented him from presenting a defensive theory of the case by excluding the proffered testimony. Appellant asserts the excluded testimony was essential to his defense that he did not intend to commit theft until after he entered complainant's home.[4] *See Gear v. State*, 340 S.W.3d 743, 752 (Tex. Crim. App. 2011) (acknowledging

---

[2] Appellant apparently had gotten into the garage through an entry point in the attic.

[3] Complainant had received 25 two-dollar bills for her birthday that she had left on her bedroom dresser.

[4] Appellant's defense, although not articulated clearly, is apparently that someone else broke into the house around the time appellant went into the garage seeking shelter or for some other purpose and appellant did not decide to commit theft until he realized that someone else already had broken into the house. We note that one of the officers identified appellant as the person who stuck a foot out and peeked out of the back patio door of the house.

that, to prove burglary, the State was required to establish beyond a reasonable doubt that the defendant acted with the intent to commit theft or an assault at the time he broke into the property).

The United States Constitution ensures that criminal defendants will have "a meaningful opportunity to present a complete defense." *Miller v. State*, 36 S.W.3d 503, 506 (Tex. Crim. App. 2001) (quoting *Gilmore v. Taylor*, 508 U.S. 333, 343 (1993)); *Zavala v. State*, 401 S.W.3d 171, 180 (Tex. App.—Houston [14th Dist.] 2011, pet. ref'd). A defendant has a fundamental right to present evidence of a defense as long as the evidence is relevant and is not excluded by an established evidentiary rule. *Miller*, 36 S.W.3d at 507. A defendant has the right to present a vigorous defense, and the jury should be allowed to hear all admissible evidence offered by the defendant that bears on any defensive theories. *Id*. at 508. We review the trial court's decision to bar the admission of the proffered evidence for abuse of discretion. *See id*. at 507. An abuse of discretion only occurs when a decision "lies outside the zone of reasonable disagreement." *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).

**Statement from Alarm Company Representative Made to Complainant**. The trial court sustained the State's hearsay objection to complainant's testimony pertaining to what the alarm company representative said. Appellant asserts the trial court erred in doing so because the statement was a present sense impression.

Hearsay is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence "to prove the truth of the matter asserted." Tex. R. Evid. 801(d). Hearsay is not admissible except as provided by statute, the Rules of Evidence, or by other rules prescribed pursuant to statutory authority. Tex. R. Evid. 802; *see Taylor v. State*, 268 S.W.3d 571, 578 (Tex. Crim. App. 2008). Once the opponent of hearsay evidence makes the proper objection, it

4

becomes the burden of the proponent of the evidence to establish that an exception applies that would make the evidence admissible in spite of its hearsay character. *See Taylor*, 268 S.W.3d at 578-79; *see also Martinez v. State*, 178 S.W.3d 806, 815 (Tex. Crim. App. 2005) ("If the testimony fit some exception or exemption to the hearsay rule . . . the proponent of the evidence . . . had the burden of demonstrating the applicability of that exemption or exception.").

An exception to the hearsay rule applies to "present sense impressions," which are "statement[s] describing or explaining an event or condition, made while or immediately after the declarant perceived it." Tex. R. Evid. 803(1). Appellant did not invoke any applicable hearsay exception at trial.[5] By failing to do so, appellant did not meet his burden to establish the admissibility of the alarm company representative's statement. Accordingly, the trial court did not abuse its discretion in excluding the testimony as hearsay.

---

[5] The following colloquy transpired at trial:

> THE COURT: . . . You're telling me that you wish to go into the alarm going off. Am I under the wrong impression? [Did complainant] make it home that evening?

> [Defense counsel:] She did not. She was contacted by the alarm company.

> THE COURT: On the cell phone by the alarm company saying the alarm has gone off . . . . She didn't even know if that was at the same time that was going on or not. So, you want to elicit testimony that she received a phone call [and] somebody told her the motion detectors had gone off?

> [Defense counsel:] Right, she got a call from her alarm company, telling her that the motion detectors went off . . . and . . . she told the State that she believed it was more of a breakout than a break-in. . . .

> [State's counsel:] I think it's hearsay and speculation at best. . . . She's not there. She didn't see anything and someone else is telling her. . . .

> [Defense counsel:] No, I don't think it's any different than dispatch calling the police and saying, hey, there's a burglary in progress. . . .

> THE COURT: Actually I don't even know if I'd let you testify as to what they were told on dispatch. . . . [I]t's not coming in unless there's something else.

> [Defense counsel:] That's it, Judge.

5

**Complainant's Opinion**. The State further objected to testimony regarding complainant's opinion that someone was breaking out of her house on the basis that it was speculation because complainant was not home when the motion detector was activated and thus could not have observed anything to indicate someone was breaking out. We construe the State's objection at trial as a complaint that complainant lacked personal knowledge and could not offer an opinion as to whether someone was breaking out of her house.[6]

A witness may not testify to a matter about which she lacks personal knowledge. Tex. R. Evid. 602. A lay witness may offer testimony in the form of opinions, but it must be limited to those that are "rationally based on the witness's perception" and "helpful to clearly understanding the witness's testimony or to determining a fact in issue." Tex. R. Evid. 701; *Williams v. State*, 402 S.W.3d 425, 436 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Fairow v. State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997)). A witness may testify to her perceptions of events that she personally observed or experienced. *Williams*, 402 S.W.3d at 436. Perceptions include a witness's interpretation of information acquired through her senses or experiences at the time of the event. *Id*. (citing *Osbourn v. State*, 92 S.W.3d 531, 535 (Tex. Crim. App. 2002)). Such testimony can include opinions, beliefs, or inferences as long as they are drawn from the witness's own experiences or observations. *Id*. Accordingly, an opinion that is an interpretation of the witness's objective perception of events (for example, something the witness saw) will satisfy the personal knowledge requirement. *Thuesen v. State*, No. AP-76,375, 2014 WL 792038, at *23 (Tex. Crim. App. Feb. 26, 2014).

---

[6] Testimony not based on personal knowledge "is pure speculation and conjecture." *Fairow v, State*, 943 S.W.2d 895, 898 (Tex. Crim. App. 1997).

Appellant sought to elicit testimony from complainant that she was afraid her motion detector had been activated because someone was breaking out of her house. Appellant did not proffer any evidence that appellant's opinion was based on her own experiences or observations. Complainant was not in the home when the motion detector was activated, and appellant did not otherwise proffer evidence indicating that complainant observed something upon which to base her opinion. Accordingly, the trial court did not abuse its discretion in excluding complainant's opinion testimony regarding her suspicion that someone was breaking out of her house when she was not at home.[7]

Appellant has not established that the proffered evidence regarding complainant's phone conversation with the alarm company representative and complainant's opinion regarding the activation of the motion detector was "not excluded by an established evidentiary rule" and thus that the trial court deprived him of a meaningful opportunity to present a complete defense. *See Miller*, 36 S.W.3d at 507. We thus overrule appellant's sole issue on appeal.

---

[7] Appellant argues complainant "would be aware of the placement of the motion detectors and their sensitivity" and "would know the circumstances in which the motion detectors would activate without the main alarm being tripped." However, appellant neither cites the record to support these arguments, nor is there any evidence in the record to indicate whether complainant had personal knowledge of this information.

We affirm the judgment of the trial court.

/s/      Martha Hill Jamison
              Justice

Panel consists of Justices Jamison, McCally, and Busby.
Do Not Publish — TEX. R. APP. P. 47.2(b).