

# NUMBER 13-14-00517-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

FREDERICK O'NEAL SCOTT,                                              Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 24th District Court
## of DeWitt County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion by Justice Perkes

Appellant Frederick O'Neal Scott was indicted for the offense of injury to a child, a third-degree felony enhanced to a second-degree felony by appellant's prior felony conviction. *See* TEX. PENAL CODE ANN. §§ 12.42, 22.04 (West, Westlaw through 2015 R.S.). Appellant pleaded not guilty and asserted the justification defense of reasonable

parental discipline.   *See id.* § 9.61 (West, Westlaw through 2015 R.S.).   The jury found appellant guilty, and the trial court assessed punishment of twelve years' imprisonment. By one issue, appellant argues the trial court abused its discretion by sustaining the State's objection to evidence of the complainant's school disciplinary records.   We affirm.

## I.   BACKGROUND[1]

Appellant resided with his girlfriend, her eight-year-old daughter A.R.,[2] and A.R.'s two siblings.   A.R. attended Noah's Ark Child Development Center (Noah's Ark) in Cuero, Texas, during the summer of 2013.   Angie Miller, director for Noah's Ark, testified she observed dark bruises on A.R.'s legs, back, and buttocks.   Miller took photographs of the injuries, which were admitted at trial.   She also contacted the Texas Department of Family and Protective Services (TDFPS) to report the injuries.

Later that day, A.R.'s mother and appellant picked up A.R. from Noah's Ark. Lauren Morton, a Noah's Ark employee, observed appellant drive down the road a short distance before stopping the car.   Appellant then exited the vehicle and began striking A.R. with a belt while she was in the backseat.

Appellant testified that he spanked A.R. with a belt because she injured her sister, drawing blood.   He also admitted to spanking A.R. with a belt the next day because she told TDFPS about the previous spanking.

---

[1] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.   *See* TEX. R. APP. P.47.4.

[2] We refer to the minor victim by her initials to protect her privacy.

The jury was instructed concerning appellant's justification defense of reasonable parental discipline. *See id.* Outside the presence of the jury, the trial court held a hearing to address the admissibility of testimony concerning prior incidents of misconduct by A.R. at school, which appellant asserted were relevant to his justification defense. The State objected, arguing that the incidents were too removed in time, prejudicial, and irrelevant. The trial court sustained the State's objection under Texas Rule of Evidence 403. *See* TEX. R. EVID. 403.

The jury returned a guilty verdict. This appeal followed.

## II. EVIDENTIARY RULING

Appellant argues that "[t]he trial court erred in excluding appellant's evidence of the alleged victim's school behavior and such evidence was critical to the heart of appellant's trial defense denying him due process."

### A. Standard of Review

A trial judge has great discretion in the admission of evidence at trial. *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 378–79 (Tex. Crim. App. 1990) (op. on reh'g). Therefore, we review the trial court's decision to admit or exclude evidence under an abuse-of-discretion standard. *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). This includes complaints that the exclusion of evidence infringed upon the defendant's constitutional right to a meaningful opportunity to present a defense. *See Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001). Under an abuse-of-discretion standard, we do not disturb the trial court's decision if the ruling was

within the zone of reasonable disagreement.  *Davis*, 329 S.W.3d at 803; *Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008); *see Montgomery*, 810 S.W.2d at 378–79. We will uphold an evidentiary ruling on appeal if it is correct on any theory of law that finds support in the record.  *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).

## B.  Applicable Law

### 1.  Justification Defense

Section 9.61 of the Texas Penal Code provides as follows:

(a) The use of force, but not deadly force, against a child younger than 18 years is justified:

    (1) if the actor is the child's parent or stepparent or is acting in loco parentis to the child; and

    (2) when and to the degree the actor reasonably believes the force is necessary to discipline the child or to safeguard or promote his welfare.

(b) For purposes of this section, "in loco parentis" includes grandparent and guardian, any person acting by, through, or under the direction of a court with jurisdiction over the child, and anyone who has express or implied consent of the parent or parents.

TEX. PENAL CODE ANN. § 9.61.

### 2.  Prior Bad Acts

Character evidence is ordinarily inadmissible.  TEX. R. EVID. 404(a).  However, a defendant is permitted to introduce evidence of a pertinent character trait of the alleged victim of the offense on trial.  *Id.* R. 404(a)(3)(A).  Such evidence, however, may only take the form of reputation or opinion testimony.  *Martinez v. State*, 17 S.W.3d 677, 687 (Tex. Crim. App. 2000) (citing TEX. R. EVID. 405(a)).

4

Here, appellant sought to introduce specific instances of A.R.'s prior conduct. Rule 404(b) provides for the admissibility of specific bad acts only to the extent that they are relevant for a purpose other than to show character conformity.[3]  *James v. State*, 335 S.W.3d 719, 728 (Tex. App.—Fort Worth 2011, no pet.).  "[T]hat is, the other purpose for which the party proffers the evidence must 'tend to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.'"  *Mozon v. State*, 991 S.W.2d 841, 846 n. 5 (Tex. Crim. App. 1999) (quoting *Rankin v. State*, 974 S.W.2d 707, 719–20 (Tex. Crim. App. 1998) (op. on reh'g)); TEX. R. EVID. 401.

Even if evidence is admissible under Rule 404(b), it may be inadmissible under Rule 403 if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, considerations of undue delay, or needless presentation of cumulative evidence.  *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007); *see* TEX. R. EVID. 403.  Rule 403 favors the admission of relevant evidence and carries a presumption that relevant evidence is more probative than prejudicial.  *Jones v. State*, 944 S.W.2d 642, 652 (Tex. Crim. App. 1996).  Unfair prejudice does not mean simply that the evidence injures the opponent's case.  *Rogers v. State*, 991 S.W.2d 263, 266 (Tex. Crim. App. 1999).  "Rather[,] it refers to 'an undue tendency to suggest decision on an improper basis, commonly, though not necessarily,

---

[3] Texas Rule of Evidence 405(b) also permits evidence of specific acts as character evidence when the "person's character or character trait is an essential element of a charge, claim or defense."  TEX. R. EVID. 405(b).  However, a child's character is not an essential element when a defendant seeks to justify his conduct under Texas Penal Code section 9.61.  *Davis v. State*, 104 S.W.3d 177, 181 (Tex. App.—Waco 2003, no pet.) (citing TEX. PENAL CODE ANN. § 9.61 (West, Westlaw through 2015 R.S.)).

an emotional one.'" *Id.* (quoting *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993)).

The Rule 403 balancing factors include, but are not limited to, the following: (1) the probative value of the evidence; (2) the potential to impress the jury in some irrational, yet indelible, way; (3) the time needed to develop the evidence; and (4) the proponent's need for the evidence. *Hernandez v. State*, 390 S.W.3d 310, 324 (Tex. Crim. App. 2012); *Shuffield v. State*, 189 S.W.3d 782, 787 (Tex. Crim. App. 2006). The trial court is presumed to have engaged in the required balancing test under Rule 403 once a party objects on the ground of Rule 403 and the trial court rules on the objection, unless the record indicates otherwise. *See Williams v. State*, 958 S.W.2d 186, 195–96 (Tex. Crim. App. 1997). The party opposing admission of the evidence bears the burden to demonstrate that the danger of unfair prejudice substantially outweighs the probative value. *See Kappel v. State*, 402 S.W.3d 490, 494 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

## C.    Error Analysis

Appellant sought to introduce evidence of specific instances of A.R.'s conduct while at school. The incidents in question occurred between September 17, 2012 and February 21, 2013. Appellant offered the incidents to show appellant's state of mind on August 19, 2013, to support his defense that he was justified in using reasonable discipline. Appellant testified that he used a belt to spank A.R. on that date because she "injured" her sister.

Assuming arguendo that the evidence of A.R.'s prior school misconduct was admissible to show appellant's state of mind, we conclude that the trial court did not abuse its discretion in determining that the probative value of such evidence was substantially outweighed by the danger of unfair prejudice.[4]  *See* TEX. R. EVID. 403; *Casey*, 215 S.W.3d at 879.

### 1.    Probative Value

The disciplinary incidents occurred at school—not in the home—and were remote in time—between six and eleven months removed from the August 19, 2013 incident. Furthermore, appellant did not testify that he was using progressive discipline for prior similar incidents of misbehavior.   Rather, appellant testified that he typically used "harsh" spankings for the type of misconduct at issue.   Appellant explained that "it's supposed to be a light punishment, then we're talking about a light spanking.   You do something mediocre and it's a mediocre spanking.   You do something severe like injure someone . . . then it's going to be harsh."   Further, appellant testified that, while he disciplined A.R. on the date in question, the photographs of A.R.'s injuries admitted at trial did not depict A.R., but rather some other unidentified person.   Appellant testified that his physical discipline of A.R. did not result in the severe bruising seen in the photographs.

Given the remoteness of the school disciplinary issues, the lack of any evidence connecting A.R.'s prior school misconduct to the August 19, 2013 incident, and

---

[4] In support of his argument on appeal, appellant relies on *Davis*.   *See* 104 S.W.3d 177.   In *Davis*, the Waco Court of Appeals concluded that a child victim's school disciplinary records were admissible under Rule 404(b) to show the defendant's state of mind in punishing the child victim on the occasion in question. *Id.* at 182 (citing TEX. R. EVID. 404(b)).   Because we conclude that the trial court's ruling under Rule 403 was not an abuse of discretion, appellant's reliance on *Davis* is inapposite.   *See* TEX. R. EVID. 403.

appellant's testimony concerning discipline, we conclude that the proffered evidence had little probative value. This factor weighs strongly in favor of excluding the evidence.

### 2. Potential to Impress Jury in Irrational Way

The excluded evidence includes references to A.R. having engaged in defiant, disruptive, and violent behavior over a course of five months during the school year. Such behavior included: throwing a chair; stabbing a classmate with a pencil; pinching another student; crying and screaming; and generally being disruptive in the classroom. For the reasons discussed above, the evidence has very little probative value, and, given the severity of the misconduct, the evidence would likely have improperly focused the jury's attention on A.R.'s character, which was not a fact of consequence in the case. This factor weighs in favor of exclusion.

### 3. The Time Needed to Develop the Evidence

Appellant testified outside of the presence of the jury regarding A.R.'s school misconduct. Appellant's testimony concerning the incident covered twelve pages of a two volume reporter's record. This factor weighs in favor of admissibility.

### 4. Appellant's Need for the Evidence

In addressing this factor, we consider the following: "Does the proponent have other available evidence to establish the fact of consequence that the [evidence] is relevant to show? If so, how strong is that other evidence? And is the fact of consequence related to an issue that is in dispute?" *Erazo v. State*, 144 S.W.3d 487, 495–96 (Tex. Crim. App. 2004) (citing *Montgomery*, 810 S.W.2d at 390).

The excluded evidence was offered to show appellant's state of mind in support of his defense that he was using reasonable discipline. This was a fact of consequence related to a disputed issue in the case. However, appellant was able to offer other evidence regarding this issue. Appellant testified generally regarding A.R.'s behavior in the home and the reason why he "spanked" A.R. on August 19, 2013. Appellant also testified extensively regarding his discipline methods. While it is difficult to assess the relative strength of this evidence, we conclude that the available evidence was clearly more probative of the disputed issue than A.R.'s remote school discipline issues. This factor weighs in favor of excluding the evidence.

### 5.    Summary

In considering the relevant factors, we conclude that the minimal probative value of A.R.'s school misconduct is substantially outweighed by the danger of unfair prejudice. *See* TEX. R. EVID. 403; *Hernandez*, 390 S.W.3d at 324. Therefore, the trial court did not abuse its discretion in excluding the evidence. *See Davis*, 329 S.W.3d at 803.

### D.    Harm Analysis

Even if the trial court's ruling could be considered an abuse of discretion, the exclusion of evidence pertaining to A.R.'s prior school misconduct would constitute harmless error. Generally, errors resulting from the admission or exclusion of evidence are nonconstitutional. *See Walters v. State*, 247 S.W.3d 204, 219 (Tex. Crim. App. 2007). However, if the precluded evidence forms a vital portion of the defendant's case, the error may be of constitutional magnitude. *Id.*; *Potier v. State*, 68 S.W.3d 657, 665 (Tex. Crim. App. 2002).

9

Appellant testified at length concerning his discipline methods, including his reason for disciplining A.R. on August 19, 2013. Although the excluded testimony in this case related to a defensive theory, appellant was not precluded from presenting the substance of his defense to the jury. Therefore, we evaluate harm based on the standard applied for nonconstitutional error.

Nonconstitutional error which does not affect an accused's substantial rights is harmless and must be disregarded. TEX. R. APP. P. 44.2(b). Substantial rights are not affected if, based on the record as a whole, we have a fair assurance that the erroneous exclusion of evidence had either no influence or only a slight influence on the jury. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002). In making our assessment, we consider everything in the record, the nature of the evidence supporting the verdict, the character of the alleged error, and how it relates to other evidence in the record. *Id*.

Appellant admitted to using "harsh" spankings for "severe" acts like injuring someone. This is consistent with appellant's reasoning for "spanking" A.R. on August 19, 2013, which resulted in extensive bruising to A.R.'s back, buttocks and legs. Appellant was also able to testify generally as to A.R.'s behavior in the home, including his claims that A.R. injured her sister, used profanity, marked on the walls, dug through the trash, ate candy off the floor, and was defiant. Given the passage of time between the school disciplinary issues and the August, 19, 2013 incident, and considering that the jury was plainly informed of A.R.'s misbehavior in the home, we conclude that the exclusion of A.R.'s school misconduct did not affect appellant's substantial rights. *See*

TEX. R. APP. P. 44.2(b); *Davis v. State*, 104 S.W.3d 177, 183–84 (Tex. App.—Waco 2003, no pet.).

We overrule appellant's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.


GREGORY T. PERKES
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of July, 2016.